CARROLL, DONALD, Judge.
In this case the appellee, plaintiff below, as curator of the estate of Daisy B. Etter, an incompetent, filed a suit in equity seeking to set aside three deeds and a contract for deed executed by the ward in favor of the defendants, which instruments were executed prior to his ward’s formal adjudication of incompetency, upon the grounds that the ward was incompetent at the time of the execution and that the transactions were tainted with such bad faith, overreaching, and inadequate consideration as to constitute constructive fraud. In his complaint the plaintiff asked that, by reason of certain substantial improvements thereafter erected upon a portion of the land by the defendants, the respective equities of the parties be determined.
Upon the final hearing on the pleadings, testimony, and documentary evidence, the circuit judge entered a 22-page final decree in which he set forth his findings and conclusions. In his final decree he divided the lands involved into three classifications, namely: (1) the shopping center, consisting of the land upon which a shopping center was erected; (2) the residential property; and (3) miscellaneous vacant land. He cancelled, rescinded, and set aside the deeds and contract for deed covering the lands other than the land upon which the shopping center had been erected. With reference to the shopping center property the chancellor found the situation to be substantially different in that shortly after acquiring title to that property from the ward the defendants embarked upon a program of erection of store improvements which involved the hypothecation of such property to an insurance company by way of a series of mortgages in the aggregate principal sum of $80,000, while the defendants contributed $19,600 of their own money in making the improvements. Since an outright rescisión and cancellation of the deed to the shopping center property would have resulted in returning to the ward more than had been taken from her, the chancellor took an accounting of the rents collected by the defendants, crediting the defendants with their monetary contributions to the development of the property and with the sums of money which the record showed they had paid to the ward for the property the date of the final decree. On this basis, the chancellor determined that an award of an undivided one-half interest in the shopping center property in favor of the-ward, subject to the lien of the insurance company mortgages, plus a lien in her favor against the remaining one-half interest of the defendants to secure the payment of the sum of ten thousand dollars would meet the demands of justice and equity. After the notice of appeal was filed, the ward died and, by order of this court, the appellee was substituted as appellee in his capacity as administrator of the estate of Daisy B. Etter, deceased.
We have examined the records, and find there is sufficient substantial and competent evidence to support the findings of the chancellor as set forth in his final decree. With respect to the shopping center property the chancellor applied a formula which, in our opinion, resulted in full' equity to all parties concerned, avoiding any unjust enrichment to any party. While in applying this formula the chancellor invoked the doctrine of joint venture, which-we do not think applicable under the circumstances of this case, the decree should,, we think, be upheld because it reaches a wholly equitable result. We find that in the accounting of the chancellor, credit was duly given for all monies paid by all of the parties. It would serve no useful purpose to set forth the details of the accounting in this opinion. The final decree appealed from, therefore, should be and it is affirmed.
Affirmed.
WIGGINTON, J„ and REVELS, P. B.„ Associate Judge, concur.