BARKDULL, Chief Judge.
The appellants seek review of a final order of dismissal in a chancery suit, wherein the chancellor found that the appellants had failed to exhaust their administrative remedies in seeking review, before the Board of County Commissioners of Dade County, of a resolution of the Zoning Appeals Board, which had granted a variance to the appellees, Bernard Stevens and Sureena Stevens.
It is conceded by the appellants that they did not file a notice of appeal and pay the necessary fee, pursuant to the provisions of the Metropolitan Code of Dade County, in order to review the action of the Zoning Appeals Board.[1] However, they contend that an appeal was duly filed by a third person and thereafter, subsequent to the time for filing an appeal, dismissed. They contended in the trial court, and contend here, that they had the right to rely on the appeal filed by a third party. It is apparent that the chancellor did not agree with this contention, and neither do we.
If “any aggrieved party whose name appears of record” desires to contest the action of the Zoning Appeals Board, he must file a notice of appeal to the Board of County Commissioners of Dade County seeking review of said action. He has no right to sit idly by and rely on a review being sought by others. Principles applicable to review of civil actions are applicable in determining appropriate review of administrative actions. See : Headley v. Lasseter, Fla.App.1962, 147 So.2d 154. A person who has not seen fit to take an appeal from an order of a trial court has no standing to object to dismissal of an appeal taken by another if he has not cross assigned any *422 error. See: Thompson v. Filer, 99 Fla. 539, 126 So. 766.[2]
It therefore appearing that even if the appellants were “aggrieved parties” appearing of record [which does not appear from the complaint], they failed to exhaust their administrative remedies by seeking an appeal to the Board of County Commissioners to review the complained of resolution of the Zoning Appeals Board.[3] Therefore, the chancellor was eminently correct in dismissing their complaint for failure to exhaust administrative remedies, and his action in this particular is hereby affirmed. See: Decarlo v. Town of West Miami, Fla. 1950, 49 So.2d 596; Wood v. Twin Lakes Mobile Homes Village, Inc., Fla.App.1960, 123 So.2d 738.
Affirmed.

. “Sec. 33-313. Appeals to Board of County Commissioners. Any appealable decision of the Zoning Appeals Board may be appealed by any applicant, governing body of any municipality if affected, or any aggrieved party whose name appears in the record of the Zoning Appeals Board, by filing with the department a petition in a form prescribed by the director and a written statement specifying in brief, concise language the grounds and reasons for reversal of the ruling made by the Zoning Appeals Board, together with a fee of Twenty-Five ($25.-00) Dollars within the fourteen (14) days provided by Section 33-312 hereof; whereupon, the Director shall transmit to the Board of County Commissioners the appeal papers, the decision and record of the Zoning Appeals Board. * * * »

. See: 31 F.S.A. p. 661; Rule 44(2) S. Ot. Rules, and Rule 3.13(b) F.A.R., 31 F.SA., which state essentially the same thing as S.Ot. Rule 23 mentioned in Thompson v. Filer.

. “Sec. 33-316. No person aggrieved Toy any order, requirement, decision or determination of an administrative official or by any decision of the zoning appeals board thereon or by other decisions of such board may apply to the court for relief unless he has first exhausted the remedies provided for herein and taken all available steps provided in this ordinance [article] with regard to review or appeal. * * * ” [Emphasis added.]