165 So.2d 424 (1963)
Vincent A. CRUDELE, Appellant,
v.
R.F. COOK, Director, Metropolitan Dade County Building and Zoning Department, Appellee.
No. 63-261.
District Court of Appeal of Florida. Third District.
September 17, 1963.
*425 Leo M. Alpert, Miami, for appellant.
Darrey A. Davis, County Atty., and St. Julien P. Rosemond, Asst. County Atty., for appellee.
Before BARKDULL, C.J., and CARROLL and HORTON, JJ.
BARKDULL, Chief Judge.
The appellant, plaintiff in the trial court, seeks review of a final summary decree dismissing his complaint for injunctive relief.
The appellant, prior to 1962, operated what was known as the "Red Road Dump". In August, 1961 [pursuant to the then applicable provisions of the Metropolitan Code] upon agreeing to certain conditions promulgated by the Zoning Director and upon the posting of a bond to secure the performance of said conditions, he was issued a permit to operate, which permit was for an annual period and contained the following provision:
"12. That the permit shall be effective for a period of (1) year from the date of its issuance, and shall be subject to automatic renewal if all conditions of the permit and this agreement have been complied with in every respect during the year's operation prior to renewal date."
Subsequently, in May, 1962, Metropolitan Dade County repealed the original ordinance upon which the appellant operated and enacted a new ordinance [§ 33.13(e)],[1] the effect of which was to require that a public hearing should be held prior to the issuance of any use and occupancy permit to operate a business such as the appellant's. Notwithstanding the provisions of the ordinance enacted in May, 1962, upon application for renewal of the certificate or permit in August, 1962, the appellant was issued a use and occupancy permit to continue the operation of his business by administrative officials of the County under the repealed ordinance.
In November, 1962, the respondent Cook revoked the appellant's permit because of alleged violations of the conditions of the original permit issued in 1961 and renewed in 1962. Immediately thereafter, without appealing the ruling of the respondent to the Board of County Commissioners, the appellant filed his action seeking to enjoin the activities of the respondent in revoking his permit and interfering with the operation of the "Red Road Dump".
The cause came at issue and both sides moved for a summary decree. The chancellor entered the decree here under review and dismissed the appellant's action. It is apparent that the action of the chancellor was correct upon several theories. And, if his action can be sustained under any theory, even if not stated in his order, such action will not be interfered with by an appellate court. See: Abshier v. Etter, Fla.App. 1958, 102 So.2d 853; Berkman v. Miami National Bank, Fla.App. 1962, 143 So.2d 535; 2 Fla.Jur., Appeals, § 297.
*426 First, it is apparent that the renewal permit was in fact an illegally issued permit, in that the provisions of the ordinance [as enacted in May, 1962] were not complied with at the time of its issuance by administrative officials of the County. Therefore, the respondent was authorized to summarily revoke an illegally issued permit and the appellant was not normally entitled to a hearing prior to such revocation. See: Vogt v. Borough of Port Vue, 170 Pa.Super. 526, 85 A.2d 688. Further, it appears that the affidavits submitted by the parties in support of their respective motions for summary decrees were not in dispute as to material issues, and the chancellor was warranted in finding that even if the appellant was not required to abide by the terms of the ordinance enacted in May, 1962 in securing his renewal permit in August, 1962, it was still apparent that the appellant had breached the conditions to which he had agreed upon the receipt of the initial permit in 1961. Additional ground for support of the chancellor's action in the decree rendered is found in the failure of the appellant to exhaust his administrative remedies to review the actions of the respondent.
The respondent is an administrative official of Metropolitan Dade County, and before actions of administrative officials may be tested by judicial proceedings they must first be brought to the attention of the Board of County Commissioners. See: Code of Metropolitan Dade County, § 33.316.[2] Therefore, whether or not the permit, as issued in 1961, was validly issued is not material to the fact that the appellant failed to exhaust his administrative remedies prior to seeking judicial review. See: Wyszynski v. City of Philadelphia, 370 Pa. 632, 89 A.2d 355. It is not a denial of due process of law for an administrative official, in the exercise of the "police power", to summarily revoke a business permit as long as there is a right of review within the administrative framework subsequent to the order of revocation. See: Thornhill v. Kirkman, Fla. 1953, 62 So.2d 740; Larson v. Warren, Fla. 1961, 132 So.2d 177. The activities of the respondent, as a director of the Metropolitan Dade County Building & Zoning Department, in regulating the operation of a "dump" is an exercise of "police power". See: City of Miami Beach v. Ocean & Inland Co., 147 Fla. 480, 3 So.2d 364; 23 Fla.Jur., Municipal Corporations, § 131; 35 Fla.Jur., Zoning Laws, § 8.
Examining the record in light of the principles above enunciated, it does not appear that the chancellor erred in the entry of the final summary decree here under review. Therefore, same is hereby affirmed.
Affirmed.
NOTES
[1] Code of Metropolitan Dade County, § 33.13(e) "Unusual and new uses. Unless approved upon public hearing, the following uses or uses similar thereto shall not be permitted in any district, save and except in those districts that permit such uses without a public hearing: * * * rock pits (filling of); * * *".
[2] Code of Metropolitan Dade County, § 33.316 "No person aggrieved by any zoning resolution, order, requirement, decision or determination of an administrative official * * * may apply to the court for relief unless he has first exhausted the remedies provided for herein and taken all available steps provided in this article. * * * no application shall be made to the court for relief except from resolutions adopted by the Board of County Commissioners, * * *".