CARROLL, Judge.
This appeal is by the plaintiffs below from an order granting defendants’ motion to dismiss, and dismissing the cause with prejudice.
The complaint and attached exhibits disclosed plaintiffs were owners of a lot at the corner of Northeast 151st Street and 5th Avenue, with .a frontage of 107 feet on the former street and 105 feet on the latter. In preparation for building a residence thereon according to an architect’s plan for a house to face 151st Street, with a 25 foot setback, foundation trenches 6 feet wide and 3 feet deep had been dug under proposed bearing walls, and had been partially filled with concrete. It was alleged such preliminary foundation work had not required a permit, but that when a building permit for construction of the residence was applied for by plaintiffs they were informed an additional 5 foot setback from 151st Street was required, because of formulated plans for increase of the width of 151st Street which would require the use of a 5 foot strip from the frontage of the lot for street purposes when the street was so widened.
The plaintiffs then made an application to the Dade County Zoning Appeals Board for a variance, to allow construction without the additional 5 foot setback, which would permit construction of the house on the foundations as laid.[1]
*264 Acting thereon, on June 8, 1970, the zoning board granted the variance, by a resolution which contained a condition, as follows :
“Now Therefore be it Resolved by the Metropolitan Dade County Zoning Appeals Board that the requested variance be and the same is hereby approved, subject to the following condition:
“Dedication of rights-of-way as may be deemed lacking, desirable, and necessary, in the opinion of the Director of Public Works and Zoning Director, shall be made; and improvement shall be made of such rights-of-way as may be required by the Director of Public Works.”
Shortly thereafter on June 17, 1970, the designated official of the county forwarded a prepared deed for dedication by plaintiffs of the south S feet of the lot, rounded at the corner, as provided for in the condition stated in the variance resolution. The deed was executed by the plaintiffs on June 29, 1970, and delivered to the county. No appeal from the ruling of the zoning board was taken by the plaintiffs to the County Commission.
Approximately fourteen months later on August 17, 1971, after completion of the construction of the residence, this action was filed by the plaintiffs seeking a judgment directing the county to reconvey to plaintiffs the portion of the lot which plaintiffs had deeded to the county, or de-daring their deed of dedication thereof to be void. As grounds therefor it was alleged plaintiffs could not have appealed the ruling of the zoning board to the County Commission “since it was unanimously favorable to the plaintiffs’ request for a variance, except for the appending of the illegal and confiscatory condition,” and that plaintiffs’ acceptance of the variance subject to the stated condition was under duress because plaintiffs “were under constraint to vacate the premises they then occupied by August 1970 (later extended to February 1971)”, and also because plaintiffs “wished to avoid any possible delaying tactics by defendants’ employees and as to issuance of permits and a certificate of occupancy, as well as delays in inspection during the course of construction.” It was then alleged that plaintiffs had obtained a certificate of occupancy of the new residence and had occupied the same since April 3, 1971, and that a written demand made by them to the County Commission for reconveyance of the dedicated 5 foot strip had been refused.
The defendants’ motion to dismiss was grounded on failure of the complaint to state a cause of action “because the plaintiffs admittedly failed to exhaust their administrative remedies.” The order of dismissal was made on that ground, viz: “for failure to exhaust administrative remedies.”
The contentions presented in the brief of the appellants are (1) that there was no failure to exhaust administrative remedies *265 to which resort could be had; (2) that the imposition of the condition in connection with the variance was illegal; and (3) that their execution and delivery of the deed covering the 5 foot strip for street purposes cannot operate as an estoppel against the plaintiffs because such action was performed by them under duress.
The appellees argue that under the code of Metropolitan Dade County an administrative remedy was available in the form of an authorized appeal from the ruling of the zoning board to the County Commission, with provision if the Commission should reject the appeal, for review of the Commission’s action by petition for certio-rari filed in the circuit court; and that in the absence of such prescribed administrative remedies having been pursued, the ruling of the board was final.
That position of the defendants is borne out by the code of Metropolitan Dade County, whereby a timely appeal could have been taken by the plaintiffs to the County Commission from the ruling or resolution of the zoning appeals board.[2] By § 33-313 of the code relating to appeals to the Board of County Commissioners, it is provided that after first hearing why the decision of the zoning appeals board should or should not be sustained, the County Commission “shall consider the appeal and by resolution either affirm, modify or reverse the zoning appeal board’s decision.”
The code contains express provision that exhaustion of that granted administrative remedy of appeal to the County Commission is a condition precedent to seeking court review of a decision of the zoning appeals board.[3]
Applying that provision of the code, it has been held that failure to exhaust such administrative remedies will preclude independent court action challenging a ruling of the zoning appeals board. Bird Road Baptist Church, Inc. v. Stevens, Fla.App.1963, 155 So.2d 420; Crudele v. Cook, Fla.App.1963, 165 So.2d 424. Cf. Hasam Realty Corporation v. Dade County, Fla.App.1965, 178 So.2d 747.
In view of those provisions of the code of Metropolitan Dade County we hold, as did the trial judge, that the court challenge of the conditioned variance could not properly be entertained where the administrative remedies provided for had not been pursued. The plaintiffs’ objection to the ruling or to a portion of the ruling of the zoning board on their variance application, could have and should have been presented by timely appeal to the County Commission. In the absence thereof the trial court *266 was correct in rejecting the complaint which represented an initial challenge there of the ruling of the zoning board. For those reasons the judgment dismissing the complaint should be, and hereby is, affirmed.

. In the variance application, the following reasons or grounds were stated:
“It cannot extend 5 feet northward because there is a six-foot-wide drainage *264 ditch at the easternmost side of my lot on NE 5th Avenue, going partly into the dedicated street.
“Since for all practical purposes this portion of NE 151st Street will not be widened in the foreseeable future, the general rule for 80-foot highways becomes confiscatory in that it would not allow me to enjoy the full benefits on my property.
“If the building is moved back 5 feet the rear set back would be only 28 feet. Since the architect has located the septic tank and drainfield area there, and the aforementioned drainage ditch is on the east, there would be no safe access for trucks and construction equipment to enter and do their work, without the danger of collapsing either the work or the drainage ditch.
“In complete reliance on the architect’s plans, based upon a standard set back of 25 feet from my property line and 60 feet from the center line of the highway, I went to the expense of having five trenches dug and filled with concrete, in order to stabilize the building site. I might add that there will be 3 feet of hard fill on top of that concrete, and a spread footing under all bearing walls. If the house is moved back 5 feet I must dig two new lateral trenches, each approximately 85 feet long, and all the concrete now poured would be a serious financial loss.”

. Sec. 33-312: “ * * * within fourteen (14) days, but not thereafter, any decision of the zoning appeals board, save and except a decision pertaining to a regulatory amendment or a district boundary change may be appealed to the board of county commissioners, as provided by Section 33-313 hereof, otherwise, it shall become final. * * * ”

. Section 33-316 of the code, entitled “Exhaustion of remedies, court review,” provides :
“No person aggrieved by any zoning resolution order, requirement, decision or determination of an administrative official or by any decision of the zoning appeals board may apply to the court for relief unless he has first exhausted the remedies provided for herein and taken all available steps provided in this article. It is the intention of the board of county commissioners that all steps as provided by this article shall be taken before any application is made to tlie court for relief ; and no application shall be made to the court for relief except from resolution adopted by the board of county commissioners, pursuant to this article.' In view of the lack of a legislatively prescribed method to apply to a court of competent jurisdiction to review a decision of the board of county commissioners, when adopted pursuant to this article, it is intended and suggested that such decision may be reviewed by the filing of a petition for writ of certiorari in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, in accordance with the procedure and within the time provided by the Florida Appellate Buies for the review of the rulings of any commission or board; and such time shall commence to run from the date of the decision sought to be reviewed. * :¡: * It