John L. Turner and Linda M. Turner, his wife, Appellants *v.* Donald J. Martz, Sr. and Township of Derry, Appellees.

Carole E. Gavoni, Appellant *v.* Donald J. Martz, Sr. and Township of Derry, Appellees.

Argued February 7, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., MENCER, BLATT, DISALLE, CRAIG and MACPHAIL. Judges WILKINSON, JR. and ROGERS did not participate.

*Robert L. Marks,* for appellants.

*Gailey C. Keller,* with him *Smith, Eves and Keller,* for appellees.

Opinion by Judge MacPhail, April 30, 1979:

Carole E. Gavoni, John L. Turner and Linda M. Turner (Plaintiffs) have appealed to this Court from the order of the Court of Common Pleas of the 26th Judicial District, Montour County Branch, sustaining the demurrer of Donald J. Martz (Martz) and the Township of Derry (Township) to Plaintiffs' complaints in trespass and assumpsit. The Plaintiffs' appeals have been consolidated for our disposition by prior order of court.

In their complaints, Plaintiffs allege that prior to purchasing real estate in the Township, they applied to the Township for a permit for the installation of a sewage disposal system for the real estate they intended to purchase. The application form was sup-

plied by the Pennsylvania Department of Health. The completed application was passed to Martz as the designated enforcement officer for the Township. Under the provisions of the Pennsylvania Sewage Facilities Act, (Act), Act of January 24, 1966, P.L. (1965) 1535, *as amended,* 35 P.S. §750-1 et seq., the complaint alleges that after certain tests were performed by Martz, a permit was issued by him approving the real estate to be purchased for the installation of a sewage system as set forth in the applications.

Thereafter, according to the complaints, Plaintiffs purchased their real estate, installed the septic systems and built their homes. Shortly after they moved in, Plaintiffs allege that the septic systems failed to function. After consulting with numerous specialists to ascertain whether the malfunctioning systems could be corrected, Plaintiffs called the Department of Health. That department recommended a professional engineer who performed additional percolation tests on the two tracts of real estate. When the Department of Health received a report from that examination they informed the Plaintiffs that "the said land could not before and cannot now meet the requirements of the Act, and, therefore, the land cannot be used for residential purposes." The complaint alleges that Martz was the agent, servant or employee of the Township, that Martz committed certain negligent acts prior to issuing the permit and that both Martz and the Township are liable to Plaintiffs in trespass for the damage caused to the Plaintiffs.

Plaintiffs plead in the alternative that when the Township accepted the application fee for the permit and issued the permit, Plaintiffs thereafter materially changed their position in reliance upon the permit. They aver that the improper percolation testing constitutes a breach of contract and that Martz and the Township are liable to Plaintiffs for damages in as-

sumpsit. In ruling upon Defendants' preliminary objection in the nature of a demurrer, the trial court held that (1) a municipal permit issued illegally, or in violation of the law, or under a mistake of fact, confers no vested right upon the person to whom the permit is issued and (2) that any expenditures made in reliance upon such a permit are made at that person's peril. We have carefully examined the legal authorities set forth by the trial court in support of that legal proposition and find that as stated it is not a correct statement of the law. The full and complete statement taken from *Vogt v. Port Vue Borough,* 170 Pa. Superior Ct. 526, 528, 85 A.2d 688, 690 (1952) is as follows:

> A municipal permit issued illegally or in violation of the law, or under a mistake of fact, confers no vested right or privilege on the person to whom the permit has been issued and may be revoked notwithstanding that he may have acted upon the permit; any expenditures made in reliance upon such permit are made at his peril. ... (Citations omitted.)

Thus, in *Vogt,* the issue decided was that the borough manager had the authority to *revoke* a building permit issued in violation of the borough's zoning ordinance where no construction had yet commenced. The *Vogt* case was cited in *Ventresca v. Exley,* 358 Pa. 98, 56 A.2d 210 (1948). *Ventresca* held that where a variance had been illegally and improperly granted, *but where the owner had not acted upon it,* the Board of Adjustment had the right and duty to revoke the variance.

In *Pittsburgh v. Elman Associates, Inc.,* 6 Pa. Commonwealth Ct. 1, 291 A.2d 813 (1972), this Court held that where a builder had been granted a permit for construction, which permit *was not revoked,* the builder could not be enjoined from completing construction notwithstanding the issuance of a "stop work notice" by the city. Our Court took great pains to point out

that under *Vogt* the city had the authority to revoke the permit but having failed to do so injunctive relief could not be given to the city. In *Pittsburgh v. Oakhouse Associates,* 8 Pa. Commonwealth Ct. 349, 301 A.2d 387 (1973), our Court again denied the city injunctive relief where the permits *had not been revoked.* In *Klavon v. Zoning Hearing Board of Marlborough Township,* 20 Pa. Commonwealth Ct. 22, 340 A.2d 631 (1975), we held that one *may* obtain a vested right in a municipal permit. Finally, in *Department of Environmental Resources v. Flynn,* 21 Pa. Commonwealth Ct. 264, 344 A.2d 720 (1975), Judge BLATT, writing for a unanimous Court, held that the rule as set forth initially in *Vogt* is subject to a very important exception, to wit, where the landowner has no means by which he could determine that a sewer permit was improperly issued, where he obtained the permit and used it in good faith and where he relied upon the permit and made a large financial investment based upon its validity, then the owner does acquire a vested right in a municipal permit.

Assuming the well-pleaded facts in the complaint before us now to be true, as we must, it is quite apparent that the Plaintiffs have brought themselves squarely within the exception to the so-called "vested right" rule as that exception is delineated in *Flynn.* Accordingly, we must respectfully disagree with the opinion of the trial court.

In *Ayala v. Philadelphia Board of Public Education,* 453 Pa. 584, 305 A.2d 877 (1973), our Supreme Court held that local governmental units were no longer immune from tort liability in suits based upon the negligent acts of their employees. In *King v. Sullivan,* 68 D. & C. 2d 318 (1974), a case almost completely identical with the one now before us, a demurrer to a complaint alleging that a township enforcement officer negligently issued a sewer permit was

denied. We think the discussion of the law set forth in that case is applicable to the one now before us and need not be repeated again.

For the foregoing reasons, the order of the lower court must be reversed.

Judge MENCER dissents.

ORDER

AND Now, this 30th day of April, 1979, the order of the Court of Common Pleas of the 26th Judicial District, Montour County Branch, dated November 14, 1977, is hereby reversed and remanded for proceedings consistent with this opinion.