## Ruditsky v. Orben

*Raymond P. Kashimba,* for plaintiffs.
*Sherr, Moses, and Zuckerman,* for defendants Wood and Dingman Township.
*Robert E. Simpson,* for defendant Orben.

THOMSON, *P.J.,* November 6, 1986—This matter is before the court on the preliminary objections of defendants Dingman Township and Chris Wood.

### PROCEDURAL HISTORY

On March 13, 1986, plaintiffs filed a complaint with this court. In their complaint, plaintiffs state they purchased property from defendants Charles

and Dorothy Fretters, after a site investigation and percolation test was performed by defendant Victor E. Orben. Defendant Chris Wood, after this purchase was complete, issued a permit for a septic system acting pursuant to his position as the sewage enforcement officer of Dingman Township. Thereafter, based on the fact that a neighbor's well was within 100 feet of the approved septic system, the septic permit was revoked. The preliminary objections were filed against counts III and IV of the complaint which relate to defendants Dingman Township and Chris Wood.

## ISSUES AND DISCUSSION

The main issue to be decided by this court is whether a township and its employees are liable, in tort and assumpsit, for the negligent issuance of a permit for a septic system.

The absence of tort liability for either defendant in this case, Dingman Township or Chris Wood, is very clear upon careful reading of the pleadings and the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541 et seq. (Also see the opinion of this court in *St. Jean v. Township of Shohola,* no. 9-1985 Equity (October 7, 1985.)) The facts in this case do not meet the guidelines provided by this act to find that tort liability would exist.

Although under the act, defendants would be immune from tort liability, its provisions do not address the result as to contract actions against governmental entities and their employees. In *Turner v. Martz,* 42 Pa. Commw. 328, 401 A.2d 585 (1979), the Commonwealth Court developed the "vested rights" theory and held that a township and its enforcement officer could be held liable for negligence under this theory based in assumpsit. See also

*Hurst v. East Hanover Township,* 33 D.&C. 3d (1984).

For these reasons, defendants Chris Wood and Dingman Township are not liable in tort for their actions, but there exists the possibility of liability in assumpsit.

## ORDER

And now, November 6, 1986, defendants' preliminary objections are granted as to plaintiffs' tort count and denied as to plaintiffs' assumpsit count.