## Sieg v. Gestewitz

*Richard J. Palazzo*, for plaintiffs.
*William Jones*, for defendants.

GEORGELIS, *J.*, April 3, 1987—Before the court are the preliminary objections of defendants, Robert L. Gestewitz and Conoy Township, to plaintiffs' amended complaint. Briefs have been filed, and the objections are, therefore, ready for disposition.

### FACTS

The relevant facts, as alleged in the amended complaint, are the following. Gestewitz was the sewage enforcement officer for the township, and, in July 1983, he issued a report that a piece of land, which plaintiffs eventually purchased on April 20, 1984, was suitable for the installaton of a standard septic system. In purchasing the land, plaintiffs relied on Gestewitz's report and planned to construct a home on the land in the summer of 1986.

In the spring of 1986, plaintiffs were advised by the township that the land had to be retested, and that test's results indicated the land's unsuitability for the installation of a standard septic system. Consequently, plaintiffs purchased and installed a pressurized dosage system and filed the instant action, seeking compensation for increased expenses and other damages.

## AMENDED COMPLAINT

The first four counts of the seven-count amended complaint are against Gestewitz, with count I alleging his negligence; count II, his breach of warranty; count III, his negligent misrepresentation; and count IV, his intentional misrepresentation. Counts V and VI are against the township and allege its negligence (count V) and its vicarious liability for Gestewitz's negligence, breach of warranty and misrepresentations (count VI). Count VII is against both defendants and seeks punitive damages from both.

## PRELIMINARY OBJECTIONS

Defendants' preliminary objections, all in the nature of demurrers, are to counts I, II, III, V, VI and VII. The demurrer to count I (negligence) alleges Gestewitz's immunity from suit, and the one to count II (breach of warranty) alleges that count states a cause of action in tort, not contract, and that Gestewitz is immune from such a cause. The demurrer to count III (negligent misrepresentation) similarly alleges Gestewitz's immunity. The demur-

rers to count V (negligence) and count VI (vicarious liability) alleges the township's political subdivision immunity, and the one to count VII (punitive damages) alleges that immunity shields the township from punitive damages.

As to all of the demurrers, plaintiffs contend that defendants, in issuing the original report which indicated the suitability of the land for a standard sewage system, violated section 750.7 of the Pennsylvania Sewage Facilities Law, 35 P.S. §750.1 et seq. (sewage law), which violation they contend constituted a crime, thereby precluding defendants' invocation of immunity. Additionally, as to the demurrer to count II, they dispute defendants' contention that count II alleges a cause of action in tort, and they contend that defendants are not immune from that count's alleged cause of action in contract.

## DISCUSSION

*Demurrer*

As noted earlier, all of defendants' preliminary objections are in the nature of demurrers. It is well settled Pennsylvania law that, for purposes of a demurrer, the moving party is deemed to have admitted all well pleaded material facts in the complaint, as well as all inferences which are reasonably deducible therefrom, but not conclusions of law. *Bartanus v. Lis,* 332 Pa. Super. 48, 480 A.2d 1178 (1984). In *Bartanus,* at 52, 1180, the Superior Court announced the standard for considering preliminary objections:

"In considering preliminary objections in the nature of a demurrer, the question presented is

whether, on the facts averred, the law says with certainty that no recovery is possible (citation omitted) . . . The law does not provide a 'magic formula' to determine the sufficiency of a plaintiff's complaint, [sic] however, the law is clear that a demurrer can only be sustained in a case free from doubt (citations omitted)."

This standard is so rigorous that Pennsylvania courts have cautiously and reluctantly applied it to dismiss causes of action. If an error is to be made or any bias encountered, it is to be in favor of overruling the preliminary objections.

"Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it (citations omitted)." *Vattimo v. Lower Bucks Hospital Inc.,* 502 Pa. 241, 244, 465 A.2d 1231, 1232-33 (1983).

*Immunity*

The relevant sections of the governmental and official immunity statutes are 42 Pa.C.S. §§8541, 8542 and 8545. Section 8541, "Governmental immunity generally," provides:

"Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."

Section 8542, "Exceptions to governmental immunity," provides, in relevant part:

"(a) Liability Imposed.—A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter *if both of the following conditions are*

*satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):*

"(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity).

"(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, 'negligent acts' shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

"(b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency: . . . ." (emphasis added).

Subsection (b) goes on to identify the eight exceptions to governmental immunity.

Section 8545, "Official liability generally," provides:

"An employee of a local agency is liable for civil damages on account of an injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter."

Plaintiffs do not contest the initial applicability of section 8541's immunity, nor do they contend that any of subsection 8542(b)'s exceptions applies. They contend that: (a) defendants violated section 750.7 of the sewage law, (b) the violation, pursuant to section 750.13 of the sewage law which makes such a violation a summary offense, is a crime, and (c) section 8542 provides an exception to section

8541's immunity for criminal conduct. We find all of these contentions to be erroneous and plaintiffs' position to be untenable.

First, the contention that section 8542 provides an exception to section 8541's immunity for criminal conduct is based on a careless reading of section 8542. Plaintiffs contend that, since subsection 8542(a)(2) excludes criminal conduct from the definition of "negligent acts," it creates a criminal conduct exception to section 8541's immunity. Plaintiffs have removed the criminal conduct exclusion from the definition of "negligent acts" from the context of section 8542's total meaning.

That section clearly provides, in its subsection (b), eight exceptions to governmental immunity, which are available so long as the two conditions of its subsection (a) are met. Those conditions are that damages are otherwise recoverable, either statutorily or under the common law, were immunity not available (subsection 8542(a)(1)) and that the injury was caused by the negligent acts of the agency or its employee (subsection 8542(a)(2)). The exclusion of criminal conduct from the definition of "negligent acts" simply means that, where the injury is caused by criminal conduct, the condition of subsection 8542(a)(2) will not be met, the exceptions of subsection 8542(b) will not be available and the immunity of section 8541 applies.

Eliminating plaintiffs' contention that section 8542 provides a criminal conduct exception to section 8541's immunity precludes the necessity to address their contentions that defendants have violated section 750.7 of the sewage law and that the violation, which is a summary offense, is a crime, but we choose to do so in further support of our finding that plaintiffs' position is untenable. They rely on the sewage law's section 750.7, which provides:

"(a) No person shall install, construct, or request bid proposals for construction, or alter an individual sewage system or community sewage system or construct, or request bid proposals for construction, or install or occupy a building or structure for which an individual sewage system or community sewage system is to be installed without first obtaining a permit indicating that the site and the plans and specification of such system are in compliance with the provisions of this act and the standards adopted pursuant to this act."

Plaintiffs' reliance on this section of the sewage law is yet another example of careless reading of statutory language. The prohibition of section 750.7 is from the installing, constructing, requesting bid proposals for constructing or altering of a sewage system or the installing or occupying of a building without a sewage system. We are unable to see how it can be read to prohibit the soils testing and report preparation, which plaintiffs allege Gestewitz did negligently and for which they allege defendants are liable.

Finally, even if defendants' alleged conduct were within the meaning of section 750.7, we are not persuaded that section 750.13's declaration that a violation of section 750.7 is a summary offense qualifies such a violation as a crime. Section 750.13 refers to 18 Pa.C.S. §106 for the definition of a summary offense. In its subparagraphs (a) and (b), that section of the Crimes Code identifies all of the classes of crime, and a summary offense is not so identified. Furthermore, subsection (c) addresses summary offenses, and the word crime is not used anywhere in that subsection.

For all of these reasons, we conclude that section 8542 does not provide a criminal conduct exception

to defendants' immunity. Since plaintiffs have not asserted any of the exceptions of section 8542(b), we conclude further that section 8542 is inapplicable. Armed with this conclusion, we will now separately address each of defendants' demurrers.

### Demurrer To Count I

As noted above, count I of plaintiffs' amended complaint asserts Gestewitz's negligence. Paragraph 4 alleges that Gestewitz was employed by the township and issued permits on its behalf, and paragraph 18, within count I, incorporates the allegations of all preceding paragraphs. Count I's paragraph 19 alleges Gestewitz's negligence, but the amended complaint contains no allegations on whether or not Gestewitz was within the scope of his employment by the township during the course of the alleged negligent conduct.

Since we have concluded that section 8542 is not applicable, our analysis begins with section 8541 and its immunity. Then, for Gestewitz's liability or immunity therefrom, we must look to section 8545, which subjects the liability of an official, who is acting within the scope of his employment, to the same limitations of section 8541. Since the amended complaint does not allege whether or not Gestewitz was within the scope of his employment, and since defendants, for the purposes of their demurrer, are bound by the facts alleged in the amended complaint (see *Bartanus*, supra), we are unable to determine whether Gestewitz is immune from the cause of action asserted in count I. Where doubt exists in ruling on a demurrer, it cannot survive. See *Vattimo*, supra. Therefore, Gestewitz's demurrer to count I will be denied.

*Demurrer To Count II*

As noted above, count II of the amended complaint alleges that Gestewitz breached an implied warranty that his work in soil testing and report preparation would be performed completely and in a workmanlike manner. In his demurrer to this count, Gestewitz contends that it states a tort cause of action, disguised as one in contract, and that he is, therefore, immune. We agree with defendant.

In asserting their implied warranty argument, plaintiffs rely exclusively on *Hurst v. East Hanover Township,* 33 D.&C.3d 157 (1984). *Hurst,* citing *Ayala v. Philadelphia Board of Public Education,* 453 Pa. 584, 305 A.2d 877 (1973), held that the governmental immunity statute was not applicable to contract actions. Relying on *Turner v. Martz,* 42 Pa. Commw. 328, 401 A.2d 585 (1979), *Hurst* also held that an action of a township in granting a permit for a sewage system warrants that the permit was issued in accordance with the law and in a non-negligent manner. However, *Hurst* failed to note that the Commonwealth Court in *Turner* based liability upon negligence, not contract, principles.

Furthermore, *Hurst* relied on *King v. Sullivan,* 68 D.&C.2d 318 (1974), which allowed allegations that a township enforcement officer negligently issued a sewer permit to survive a demurrer. It was based upon *Ayala* and *King* that *Turner* found a cause of action in negligence existed. Consequently, we cannot adopt, as plaintiffs urge us to do, the reasoning or holding of *Hurst.*

We believe the issue of whether or not the issuance of a sewer permit breaches an implied warranty was correctly adjudicated in *Newhart v. McFadden,* 35 D.&C.3d 155 (1985). At pages 157-58, that court held that "[a]lthough plaintiffs'

pleadings couch one of the causes of action as a 'breach of implied warranty,' that theory of liability is not supported by the facts alleged. Warranties occur as a part of sales and are made by manufacturers, suppliers and sellers, not by governmental agencies as issuers of official permits." The *Newhart* court was persuaded by *Salvador v. Atlantic Steel Boiler Company,* 256 Pa. Super. 330, 389 A.2d 1148 (1978), which was a products liability case and which held that a negligence cause of action had been disguised as one in implied warranty. *Salvador* also held that the two-year statute of limitations for negligence actions applied as opposed to the four-year statute of limitations for the breach of a contract action.

Further illustrative of our finding that plaintiffs' count II states a cause of action in tort, not contract, is that our appellate courts have held generally that the issuance of municipal permits does not give rise to a cause of action in contract. *Highland Park Community Club of Pittsburgh v. The Zoning Board of Adjustment of Pittsburgh,* 82 Pa. Commw. 380, 475 A.2d 925 (1984) held, at 383, 926, that "[a] municipal permit issued illegally or in violation of the law or under a mistake of fact confers no vested right or privilege upon the person to whom it is issued, regardless of any expenditures which may have been made pursuant thereto." Similarly, *Breiner v. C. & P. Home Builders Inc.,* 536 F.2d 27 (3d Cir., 1976) held, at 33, that "a building permit serves a number of purposes for a municipality, including assurance of zoning compliances and uniformity in assessments. It does not make the municipality an insurer that the resulting structure complies with all actual building regulations nor does it render the municipality liable for the builder's negligence." (citations omitted).

We conclude, based on all of the above authority, that Gestewitz's alleged conduct did not create an implied warranty and that plaintiffs do not have a cause of action for breach of such a warranty. We hold that count II asserts a cause of action in tort, identical, in effect, to the one asserted in count I.

However, unlike count I, count II, in its paragraph 22, alleges that Gestewitz, at all times material to the action, was acting within the scope of his employment. Since the parties are bound, Gestewitz by virtue of his demurrer (see *Bartanus,* supra) and plaintiffs by virtue of their pleading them, by the facts alleged in the amended complaint, we find, for the purposes of the herein disposition of count II, that Gestewitz was within the scope of his employment by the township. Therefore, since we have concluded that section 8542 is not applicable and since, as noted above, section 8545 subjects Gestewitz's liability, so long as he was acting within the scope of his employment, to the limitations of section 8541, we find that those two sections provide him immunity from count II. Therefore, his demurrer to that count will be granted.

## Demurrer To Count III

As noted above, count III of the amended complaint asserts Gestewitz's negligent misrepresentation, and his demurrer to that count asserts his immunity. Paragraph 26, within count III of the amended complaint, incorporates all of the preceding paragraphs, including 22, which, as noted above, alleges that Gestewitz was acting within the scope of his employment. Therefore, for the reasons and under the analysis previously stated, we find that Gestewitz is immune from liability for the alleged negligent misrepresentation, and his demurrer to count III will be granted.

## Demurrer To Count V

As noted above, count V of the amended complaint alleges the township's negligence, and its demurrer asserts its immunity. For all of the reasons stated above, we find that section 8541 provides the township with immunity from this cause of action, and its demurrer to count V will be granted.

## Demurrer To Count VI

As noted above, count VI of the amended complaint alleges the township's vicarious liability for Gestewitz's negligence, breach of warranty and misrepresentations. The township asserts section 8541's immunity from this cause of action. The amended complaint's paragraph 38, the first within count VI, incorporates all of the preceding paragraphs, including 22, which, as noted above, alleges that Gestewitz was within the scope of his employment. Furthermore, paragraph 41, within count VI, specifically alleges that he was acting within the township's authority. For the reasons and under the analysis previously stated, we find that sections 8545 and 8541 provide Gestewitz immunity, and, since count VI alleges the township's vicarious liability for his acts, that immunity translates into the township's immunity. Therefore, the township's demurrer to this count will be granted.

## Demurrer To Count VII

As noted above, count VII of the amended complaint seeks punitive damages from both defendants, but the demurrer to this count alleges only the immunity of the township from liability for such damages. In their answer to this demurrer, plaintiffs admit this immunity and agree that count VII

should be stricken, as to the township only. Therefore, the township's demurrer to count VII will be granted.

Accordingly, we enter the following

### ORDER

And now, April 3, 1987, for all of the reasons stated in the foregoing opinion, defendants' preliminary objections to counts II, III, V, VI and VII of plaintiffs' amended complaint are sustained, and their preliminary objection to count I of the amended complaint is overruled. Counts II, III, V and VI of the amended complaint are stricken. Count VII of the amended complaint is stricken as to defendant, Conoy Township, only.

Defendant, Conoy Township, is dismissed as a party to this action. Defendant, Robert L. Gestewitz, is directed to plead over to counts I, IV and VII of the amended complaint within 20 days of this order.