## Davino v. Tyrone Township

*David K. James*, for plaintiffs.

*Henry O. Heiser*, for defendants Tyrone Township and Edward Lee Mort.

KUHN, *J.*, March 11, 1988—The issue before the court is whether plaintiffs' claim against defendants, Tyrone Township and Edward Lee Mort, is barred by the immunity defenses set forth in 42 Pa.C.S. §§8541, 8542 and 8545. Procedurally, we are presented with this issue on a motion for judgment on the pleadings filed by the township and Mort.

On August 4, 1987, plaintiffs filed a complaint seeking relief against various defendants for a sewage disposal system located on their property and which they allege is defective. Plaintiffs allege that on April 16, 1984, they executed a sales agreement for the purchase of Lot 4 in Foxwood Estates. The agreement stated that the lot was "approved for conventional septic system." Legal title passed to plaintiffs on May 10, 1984.

Mort was the Township's Sewage Enforcement Officer (SEO) and in that capacity conducted a perc

test, designed the sewage system, issued a sewage permit, and supervised and approved construction of the sewage system on Lot no. 4. Installation of the system was completed in November 1984, and plaintiffs began using the system in December 1984.

By December 1985, plaintiffs began to experience overflow and back up problems with the sewage system. Plaintiffs now claim that the system was installed at a location which did not qualify for placement of a conventional system under the provisions of the Pennsylvania Sewage Facilities Act of 1966.

Count I of the complaint is a trespass count against the township in which it is alleged that the township negligently failed to comply with the applicable provisions of the Sewage Facilities Act, and nevertheless, issued sewage and building permits.

Count II is an assumpsit count against the township wherein plaintiffs allege that when they applied for a sewage permit and paid for the same, the township contractually agreed to perform the appropriate tests in compliance with the Sewage Facilities Act. In reliance upon the township's expertise and undertaking plaintiffs claim to have materially changed their position to their detriment by constructing a residence on the lot. The township's breach is alleged to be its negligent performance of its undertaking, its failure to perform its duty in a workmanlike manner, and its failure to exercise ordinary skill and reasonable care.

Count III is a trespass action against Mort, alleging that he negligently failed to conduct proper perc tests, to design a proper system, or to properly supervise installation of the system.

We have stated before that:

"A motion for judgment on the pleadings under Pa. R.C.P. §1034 is, in effect, a demurrer before tri-

al, and in considering the motion, the court is guided by the same principles applicable in disposing of a preliminary objection in the nature of a demurrer. The purpose of the motion is to determine whether, on the pleadings, it would be useless to proceed to trial. Therefore, the court must accept as true only admitted averments of fact by the opposing party which are material and relevant and which are contained in the pleadings and documents attached thereto. Judgment on the pleadings should be entered only where the right is clear and free from doubt. *London v. Kindsley*, 368 Pa. 109, 111, 81 A.2d 870, 871 (1951); *Bogojavlensky v. Logan,* 181 Pa. Super. 312, 316, 124 A.2d 412, 416 (1956); *Bata v. Central Penn National Bank of Philadelphia*, 423 Pa. 373, 378, 224 A.2d 174, 178-9 (1966), cert. den. 386 U.S. 1007, 18 L.Ed. 2d 433, 87 S.Ct. 1348." *Jankowski v. Ski Roundtop Inc.*, 28 Adams Leg. J. 87, 88-9 (1986); *Louey v. Germany Township*, 28 Adams Leg. J. 97, 99-100 (1986).

Immunity for townships is set forth in 42 Pa.C.S. §8541 which provides,

"Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."

In addition, an employee of a local agency is only liable for actions taken within the scope of his duties to the same extent that the local agency is liable. 42 Pa.C.S. §8545. The township is a local agency; *Louey v. Germany Township*, 28 Adams Leg. J. 97 (1986); and Mort is an employee thereof, 42 Pa.C.S. §8501.

The only exceptions to this immunity appear in section 8542. The injury must arise out of negligence and fall within eight enumerated categories.

Those eight categories include: (1) operation of a motor vehicle; (2) care, custody or control of personal property of others in the possession or control of the local agency; (3) care, custody or control of real property in possession of the local agency; (4) dangerous conditions of trees, traffic signs, lights or other traffic controls, street lights or street lighting systems; (5) dangerous condition of the facilities of stream, sewer, water, gas or electric systems owned by the local agency; (6) dangerous condition of streets; (7) dangerous condition of sidewalks; and (8) care, custody or control of animals in the possession or control of a local agency.

Plaintiffs concede the counts I and III of their complaint allege negligence and do not fall within any of the aforementioned categories. Therefore, we conclude that counts I and III must be dismissed. *Munley v. Spring Brook Township*, 28 D.&C.3d 254 (1982).

The remaining question then becomes whether plaintiffs can maintain their assumpsit count against the township.*

Plaintiffs rely upon *Department of Environmental Resources v. Flynn*, 21 Pa. Commw. 264, 344 A.2d 720 (1976); *Turner v. Martz*, 42 Pa. Commw. 328, 401 A.2d 585 (1979); *Schreck v. North Codorus Township*, 98 York Leg. Rec. 25 (1984); and *Hurst v. East Hanover Township*, 105 Dauphin Rep. 172 (1984). After careful review of these cases and those cited by the township and Mort, we are compelled to dismiss count II as well.

*Flynn, supra*, established the proposition that a landowner who, in good faith, relied upon a sewage permit issued by a township in error, and who, in

---

* Plaintiffs have moved to amend their complaint to add an assumpsit count against Mort as well.

the reliance thereon expended substantial unrecoverable funds in the construction of the sewage disposal system and his residence, had obtained a vested right to complete construction of his home with that sewage system. Significantly, *Flynn* did not discuss the issue of governmental immunity because the same had been abolished in *Ayala v. Philadelphia Board of Public Education,* 453 Pa. 584, 305 A.2d 877 (1973), and the immunity provisions in 42 Pa.C.S. §8501 et seq. had not yet been adopted.

In *Turner v. Martz, supra,* plaintiffs brought a trespass and negligence action against Derry Township arising of the issuance of an allegedly invalid sewer permit. There Judge MacPhail followed the *Flynn* decision in holding that on the well-pled facts plaintiffs had obtained a vested right in the permit and had stated a cause of action for damages in negligence in issuing the permit and in breach of contract for conducting an improper percolation test. Judge MacPhail noted that since *Ayala, supra,* local governmental units were no longer immune from tort liability in negligence suits and cited his own opinion in *King v. Sullivan,* 68 D.&C.2d 318 (1984) in support of his decision on the negligence issue.

In *Schreck, supra,* Judge Buckingham overruled preliminary objections in the nature of a demurrer to a complaint in assumpsit and trespass for the township's alleged improper performance of soil tests for a sewage permit. The court relied on *Flynn, supra,* and *Turner, supra,* however, the issue of governmental immunity was not raised.

Finally, in *Hurst, supra,* plaintiff alleged that the township impliedly warranted that the sewage permit was issued in a non-negligent manner. Judge Dowling agreed that any negligence claim against the township was barred by the governmental im-

munity provisions of 42 Pa.C.S. §8542 and §8545. However, he concluded that these provisions were not applicable to contract actions. He reasoned that the immunity statute was enacted in reaction to *Ayala, supra,* which only abolished judicially created tort immunity and which expressly noted that the doctrine of sovereign immunity did not apply to suits in contract.

Despite the opinions of the aforementioned well-respected jurists, we are inclined to accept the authority set forth by the township and Mort, and therefore, have decided to dismiss count II.

In *Newhart v. McFadden,* 35 D.&C.3d 155 (1985), plaintiffs alleged that a cause of action existed for breach of an implied warranty when a township improperly issues a permit to construct an on-lot sewage disposal system. The court held that the 1980 enactment of governmental immunity postdated *Turner, supra.,* and applies to any cause of action that arose after the act's effective date.

The *Newhart* decision has been adopted by *Artley v. Boyle,* no. 83-2388, Lycoming County (January 12, 1987); *Seig v. Gestewitz,* no. 3605-1986, Lancaster County (April 3, 1987); and *Fulginiti v. Township of Tobyhanna,* no. 2814-1986, Monroe County (June 26, 1987).

We realize that the result we reach is harsh. Prospective homeowners rely upon municipal expertise in the area of soils testing, sewage system construction and installations. They pay fees to the municipality for this purpose and in reliance on the issuance of a permit, make substantial financial investments. Nevertheless, the legislature has deemed it advisable for municipalities to be immune from suit, except in certain specific areas. By so doing, the legislature has "announced a clear policy that government should be free to do what must be

done in their day-to-day operation without fear of civil liability." *Franklin Township v. Herring*, 28 Adams Leg. J. 1, 2 (1986).

Nowhere in the statutory provisions for governmental immunity is there an exception for contract actions and nowhere does the statute state that its provisions were intended to deal strictly with tort claims. For example, the Commonwealth Court in *Gall v. Allegheny County Health Dept.*, 98 Pa. Commw. 175, 510 A.2d 926 (1986), noted that the history of this legislation reveals that other areas where governmental immunity could have been waived by statute, such as in the field of products liability, the waiver was considered and rejected. Furthermore, in interpreting any legislation, the intent of the legislature must be effectuated. 1 Pa.C.S. §1921. In ascertaining that intent, it is presumed that the legislature intends to favor the public interest as against any private interest. 1 Pa.C.S. §1922(e).

Accordingly, we enter the attached

## ORDER OF COURT

And now, March 11, 1988, the motion for judgment on the pleadings filed by defendants, Tyrone Township and Edward Lee Mort, are sustained. Counts I, II and III, of plaintiffs' complaint are dismissed.