## Steckley v. Grove Associates

*Jerry A. Philpott,* for plaintiffs.
*John A. Statler,* for defendant Sharon E. Swartz.

QUIGLEY, *P.J.,* June 19, 1991—Plaintiff, Donna and Glenn Steckley, residents of Buffalo Township, Perry County, applied for a septic permit through Sharon E.

Swartz, the sewage enforcement officer. Pursuant to application requirements, plaintiff had a plot plan drawn by Grove Associates for the installation of a sand mound system. Swartz approved the plot plan and issued a permit for the system.

Plaintiffs contracted with Morrison Excavating to construct the necessary sand mound. Upon completion, Swartz inspected and advised plaintiffs that the sand mound was too close to a neighbor's well. Consequently, the plot plan had to be redrawn and the sand mound had to be relocated.

Procedurally, plaintiffs have sued Grove Associates for improperly drawing the plot plan and sued Swartz for negligently reviewing the plot plan prior to the issuance of the permit. Defendant Swartz filed a preliminary objection to the complaint in the nature of a demurrer based on governmental immunity.

The issue is whether plaintiffs' claim against Swartz is barred by the immunity defenses set forth in 42 Pa.C.S. sub-section 8541 and sub-section 8545. We answer in the affirmative finding that governmental immunity does apply and plaintiffs have no actionable claim against Swartz.

Swartz is a sewage enforcement officer for Buffalo Township and is immune from liability based upon 42 Pa.C.S. sub-section 8541 which states that:

"An employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employer which are within the scope of his office or duties only to the same extent as his employing local agency."

A township qualifies as a local agency. *Louey v. Germany Township,* 28 Adams Leg. J. 97 (1986). As detailed in 42 Pa.C.S. sub-section 8541, "No local

agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." Swartz does not fall within any of the exceptions to governmental immunity as cited in 42 Pa.C.S. sub-section 8542.

The two sections, sub-section 8541 and sub-section 8545, are referred to as the Political Sub-division Tort Claims Act. It was enacted in response to *Ayala v. Philadelphia Board of Public Education,* 453 Pa. 584, 305 A.2d 877 (1973). The Political Sub-division Torts Claims Act allowed the defense of governmental immunity to resurface.

*Turner v. Martz* barred the use of governmental immunity through the Vested Rights Rule. 42 Pa. Commw. 328, 401 A.2d 585 (1979). The rule was applicable to plaintiff homeowners who had no means by which they could determine that a sewer permit had been improperly issued. It was primarily limited to contract actions. *Ruditsky v. Orbern,* 49 D.&C.3d 480 (1986). It would be inappropriate to apply this standard to the present case because *Turner* occurred prior to the enactment of the Political Sub-division Torts Claim Act.

It may seem harsh to bar liability through governmental immunity when Swartz's conduct resulted improper issuance of a permit. However, clear policy states that government should be free to do what must be done in their day to day operation without fear of civil liability. *Franklin Township v. Herring,* 28 Adams Leg. J. 1, 2 (1986).

Preliminary objection to dismiss defendant Sharon E. Swartz as a party to plaintiff's complaint is sustained.

## ORDER

And now, June 19, 1991, the preliminary objections of Sharon E. Swartz raising the issue of immunity are granted and Sharon Swartz dismissed as a defendant.

It is further directed that the above two district justice appeals be consolidated for further action under a single caption as above designated no. 90-1181.