504 A.2d 995

Teresa Silkowski, a minor by her parent and natural guardian, Helen Silkowski, and Helen Silkowski *v.* Paul Grant Hacker, et al. Paul Grant Hacker, et al., Appellants.

Argued November 14, 1985, before Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Calvin J. Friedberg*, with him, *Jacqueline I. Russell, Williamson, Friedberg & Jones,* for appellants.

*W. Alan Williams, Lewis, Williams and Caravan,* for appellee, Schuylkill County Mental Health and Mental Retardation Office.

*Timothy I. Mark, Goldberg, Evans & Katzman,* for appellee, County of Schuylkill.

OPINION BY JUDGE PALLADINO, February 21, 1986:

Paul Hacker, the Hawk Mountain Council and the Boy Scouts of America (Appellants) appeal from a decision of the Court of Common Pleas of Schuylkill County (trial court) which sustained the preliminary objection in the form of a demurrer filed by the County of Schuylkill (County) and dismissed the County as an additional defendant in a suit brought by Appellee, Teresa Silkowski (Plaintiff). We affirm.

Plaintiff is a mentally retarded child under the care of the County's Mental Health/Mental Retardation Office (MH/MR). MH/MR and the County contracted with two groups to provide care and recreation for Plaintiff and others. Those groups were: Mental Health/Mental Retardation Systems, Inc. (Systems, Inc.); and Schuylkill County Association for Retarded Citizens (SCARC). While on a SCARC-sponsored overnight camping trip at the Hawk Mountain Boy Scout Camp, Plaintiff was struck by a motor vehicle operated by Appellant Hacker, who is an employee of the Boy Scouts. Plaintiff filed a complaint in trespass against Appellants Hacker, Hawk Mountain Council and the Boy Scouts of America.

Appellants then filed a complaint joining the County, MH/MR, Systems, Inc., SCARC, Carol Keating and Lisa Hoffman, as additional defendants in the action. The County filed preliminary objections to Appellants' complaint, including a demurrer. The County asserted that Appellants had failed to state a cause of action against it under Section 8542 of the Political Subdivision Tort Claims Act (Act).[1] The trial court found that the claims asserted against the County did not fall within the Act's eight exceptions to immunity, granted the demurrer and dismissed the County as an additional defendant. This appeal followed.

The issues raised by Appellants in this appeal are: (1) the trial court erred in considering, as part of the demurrer, the County's defense of immunity, because Pa. R.C.P. No. 1030 requires the defense of immunity to be raised as new matter; and (2) the complaint against the County sounds in contract, not in tort, and therefore is not barred by the Act.

---

[1] 42 Pa. C. S. §8542.

Appellants' first argument, concerning the impropriety of raising immunity by way of preliminary objection, is answered by this Court's decision in *Swartz v. Masloff,* 62 Pa. Commonwealth Ct. 522, 437 A.2d 472 (1981), wherein we held that the proper manner to raise this challenge would be a preliminary objection to the preliminary objection, in the nature of a motion to strike for failure to conform to Pa. R.C.P. 1030. Appellants admit in their brief that they failed to file a preliminary objection to the County's preliminary objections, therefore, under *Swartz,* the objection is waived. *See also Rufo v. Bastian-Blessing Co.,* 417 Pa. 107, 207 A.2d 823 (1965).

Appellants' second assertion, that their complaint sounds in contract rather than in tort, is without merit. This assertion is based upon the fact that the County entered into contracts with Systems, Inc. and SCARC which contained a provision requiring these two caretaking agencies to obtain public liability insurance for their charges. Both Systems, Inc. and SCARC failed to acquire the insurance.

Appellants' complaint against the County alleged that the County failed to enforce this provision of its contracts with Systems, Inc. and SCARC, and as a result, "deprived the minor plaintiff of the right to recover full compensation and damages for her injuries." Appellants assert that because Plaintiff would have been a third party beneficiary of the contracts to provide insurance, their claim against the County sounds in contract. We disagree. Appellants' argument, while an ingenious attempt to avoid the immunity provisions of the Act, fails to do so. Their claim against the County as an additional defendant clearly sounds in tort, because it in essence charges the County with negligent supervision of

Plaintiff. The Act does not waive immunity for negligence in supervising children in Plaintiff's position.[2]

Because the allegations do not fall within any of the Act's eight enumerated exceptions to immunity, the trial court properly granted the County's demurrer.

Therefore, the decision of the Court of Common Pleas of Schuylkill County, sustaining the preliminary objection and dismissing the County as an additional defendant, is affirmed.

## ORDER

AND Now, February 21, 1986, the decision of the Court of Common Pleas of Schuylkill County at No. S-1191-1983, dated December 24, 1984, is affirmed.

---

[2] The acts for which the County may be held liable under Section 8542 are:

1. Vehicle Liability. The operation of any motor vehicle in the possession or control of the local agency;
2. Care, custody or control of personal property;
3. Real property;
4. Trees, traffic controls and street lighting;
5. Utility service facilities;
6. Streets;
7. Sidewalks; and
8. Care, custody or control of animals.