536 A.2d 479

County of Schuylkill, Appellant *v.* Alvin E. Maurer, Frederick H. Hobbs, and Olga R. Miller, Appellees.

Argued November 19, 1987, before Judges DOYLE and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*Richard E. Freeburn, Shearer, Mette, Evans &
Woodside,* for appellant.

*Robert I. Cottom, Cottom, Hoffert & Gring,* for appellee, Frederick H. Hobbs.

OPINION BY JUDGE DOYLE, January 26, 1988:

The County of Schuylkill (County) has taken an interlocutory appeal by permission from an order of the Court of Common Pleas of Schuylkill County, which denied the County's motion for judgment on the pleadings, or in the alternative, for summary judgment. We affirm.

Frederick Hobbs was the County solicitor from 1977 through 1983, and he was also allowed by the County to maintain a private law practice on the side. Hobbs was not supplied with office space by the County. Consequently, he performed his duties as County solicitor from his private law office on the second floor of the Thompson Building in Pottsville, Pennsylvania.

The County also did not provide Hobbs with any clerical staff. Therefore, Hobbs used the secretary he

engaged to do his private legal work, Olga Miller, to do the secretarial work connected with the County solicitorship. Half of Miller's salary was paid directly to her by the County. The County accordingly issued Miller W-2 income tax forms for the 1981, 1982 and 1983 tax years.

On November 28, 1983, Alvin Maurer, an attorney whose office was located across from Hobbs' office, stepped into Hobbs' office to have a legal document notarized by Miller.[1] After getting the document notarized, Maurer tripped over a telephone cord that ran from Miller's desktop to the floor and sustained injuries.

Maurer filed suit against Hobbs, who joined the County and Miller as additional defendants. After the close of all the pleadings, the County moved for judgment on the pleadings or, in the alternative, for summary judgment, on the basis that Hobbs was an independent contractor. The trial court denied the motion on September 11, 1986. Subsequently, on September 30, 1986, the County petitioned the Court to amend its September 11, 1986 order so as to allow an interlocutory appeal by permission under 42 Pa. C. S. §702(b). *See* Pa. R.A.P. 1311. The trial court granted this request on May 21, 1987. This Court subsequently granted permission to appeal and, hence, this appeal followed.

Our scope of review over a grant or denial of judgment on the pleadings is limited to determining whether there has been an error of law or an abuse of discretion. *Agostine v. School District of Philadelphia*, 106 Pa. Commonwealth Ct. 492, 527 A.2d 193 (1987). In passing upon a motion for judgment on the pleadings, the

---

[1] There is some question raised as to the status of Maurer in Hobbs' office. Maurer contends he was a business visitor, although the nature of such business is unclear. Hobbs contends Maurer came into his office to obtain notarization of a legal document in connection with Maurer's law practice.

court may consider only the pleadings themselves and any documents properly attached thereto. *Farber v. Engle,* 106 Pa. Commonwealth Ct. 173, 525 A.2d 864 (1987). Judgment on the pleadings should not be entered unless there are no material facts in dispute, *Pennsylvania Association of State Mental Hospital Physicians v. State Employees' Retirement Board,* 484 Pa. 313, 399 A.2d 93 (1979), or after accepting all of the opposing party's well-pleaded facts as true, the case is free from doubt and trial would be a fruitless exercise. *Blumer v. Dorfman,* 477 Pa. 131, 289 A.2d 463 (1972).

Our scope of review in reviewing a grant or denial of summary judgment is likewise limited to determining whether the trial court committed an error of law or abused its discretion. *Kuehner v. Parsons,* 107 Pa. Commonwealth Ct. 61, 527 A.2d 627 (1987). Summary judgment is only appropriate when, after examining the record in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party clearly establishes that he is entitled to judgment as a matter of law. *Id.*

The controlling question of law that we must decide in this instance is whether the county solicitor is an "employee" or an "independent contractor" for purposes of governmental immunity. Section 8541 of the Judicial Code (Code), 42 Pa. C. S. §8541, states that "[e]xcept as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency *or an employee thereof* or any other person." (Emphasis added.) Section 8542 of the Code, 42 Pa. C. S. §8542, which contains the exceptions to the general grant of governmental immunity announced in Section 8541, likewise provides that in order to recover for negligent injuries caused by a local agency, a plaintiff must show: (1) that he possesses a statutory or com-

mon law cause of action against the local agency; and (2) that "[t]he injury was caused by the negligent acts of the local agency *or an employee* thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b)." 42 Pa. C. S. §8542 (emphasis added). The word "employee" is defined in Section 8501 of the Code as:

> Any person who is acting or who has acted on behalf of a government unit whether on a permanent or temporary basis, whether compensated or not and whether within or without the territorial boundaries of the government unit, including any volunteer fireman and any elected or appointed officer, member of a governing body or other person designated to act for the government unit. *Independent contractors under contract to the government unit and their employees and agents and persons performing tasks over which the government unit has no legal right of control are not employees of the government unit.*

42 Pa. C. S. §8501 (emphasis added). Thus, it is clear that local agencies, such as a county government, have no liability for the negligent acts of independent contractors, but they can be held liable for acts of employees.

Hobbs argues, and the trial court agreed, that this case is controlled by *Commonwealth ex rel. Foreman v. Hampson,* 383 Pa. 467, 143 A.2d 369 (1958). He specifically points to the passage in that case where our Supreme Court stated that "[a] county solicitor is an appointed professional employee and is not a county officer within the contemplation of Section 3 of Article XIV [of the Pennsylvania Constitution]." *Id.* at 472-73, 143 A.2d at 372. *Hampson* is, however, inapposite here. *Hampson* dealt solely with the question of whether a

county solicitor is a "county officer" within the meaning of Article XIV of the Pennsylvania Constitution, thus making the county solicitor subject to the residency requirement of Section 3 of Article XIV. *Hampson* did not involve any question of governmental immunity or vicarious liability, nor did the Court in that case seek to determine the county solicitor's employment relationship with regard to Forest County. Thus, the statement relied upon by Hobbs is not relevant for purposes here.[2]

The County on the other hand contends that this case is controlled by our Supreme Court's decision in *Ballou v. State Ethics Commission,* 496 Pa. 127, 436 A.2d 186 (1981). In *Ballou,* the Court found that an attorney who was a solicitor for a borough, a township, a county coroner and an industrial redevelopment authority was a "state consultant," and thus exempt from the reporting requirements of the Act of October 4, 1978 (Ethics Act), P.L. 883, *as amended,* 65 P.S. §§401-413. The County points to the fact that "state consultant" is defined in Section 2 of the Ethics Act, 65 P.S. §402, as "[a] person who, *as an independent contractor,* performs professional, scientific, technical or advisory service for a State agency, . . ." (Emphasis added.) A close reading of *Ballou,* however, shows thats the case concerned only the question of whether a county solicitor was a public employee for purposes of the financial disclosure requirement of the Ethics Act. The *Ballou* Court relied heavily upon the provisions of the Ethics

---

[2] In *Reese v. Danforth,* 486 Pa. 479, 406 A.2d 735 (1979) the Supreme Court noted the relative similarity between a county solicitor and a public defender. The case is inapplicable here, however, because it dealt only with the issue of whether a public defender is a "high public official" for official immunity purposes, at a time predating the adoption of the statutory official immunity now contained in the Judicial Code, 42 Pa. C. S. §§8545-8550.

Act. Nothing in the opinion suggests that it was meant to be read as a broad holding that a county solicitor is an independent contractor for all purposes and in every instance.

We believe, therefore, that neither *Hampson,* as advanced by Hobbs, nor *Ballou,* as argued by the County, control. Rather, the case that we believe to be most applicable here is our Supreme Court's recent decision in *Zimmerman v. Public School Employees' Retirement Board,* 513 Pa. 560, 522 A.2d 43 (1987). *Zimmerman* involved a doctor employed as a school physician for thirty-five years by the Wilkinsburg School District, who sought to place his years of service under the Public School Employees' Retirement System. Section 8102 of the Public School Employees' Retirement Code (School Retirement Code), 24 Pa. C. S. §8102, defined "school employee" as: "[a]ny person engaged in work relating to a public school for any governmental entity and for which work he is receiving regular remuneration as an officer, administrator or employee excluding, however, any independent contractor or a person compensated on a fee basis."

The Court held in *Zimmerman* that the proper guide in determining whether a person was an employee or an independent contractor under Section 8102 of the School Retirement Code, which contains a definition of employee similar to the definition of "employee" in the present case, was that articulated in *Hammermill Paper Co. v. Rust Engineering Co.,* 430 Pa. 365, 243 A.2d 389 (1968). In *Hammermill Paper,* the Court stated the applicable law as follows:

> While no hard and fast rule exists to determine whether a particular relationship is that of employer-employee or owner-independent contractor, certain guidelines have been established and

certain factors are required to be taken into consideration:

'control of manner work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; skill required for performance; whether one is engaged in a distinct occupation or business; which party supplied the tools; whether payment is by the time or by the job; whether work is part of the regular business of the employer, and also the right to terminate the employment at any time.' Stepp v. Renn, 184 Pa. Superior Ct. 634, 637, 135 A.2d 794 (1957).

*Id.* at 370, 243 A.2d at 392. *See also Surowski v. Public School Employes' Retirement System,* 78 Pa. Commonwealth Ct. 490, 467 A.2d 1373 (1983). None of these factors standing alone, however, is dispositive of one's status, and each case must be determined according to its own facts. *Zimmerman.* Importantly, the tenor of the *Zimmerman* opinion indicates that the rule set forth is one that is *generally* applicable. And, resort to *Hammermill Paper* reveals that it did not involve application of a particular statute, but general law. We thus hold that in determining whether a person is an independent contractor or an employee for purposes of Chapter 85 of the Code, 42 Pa. C. S. §§8501-8564, the proper guide to be utilized is that articulated in *Hammermill Paper.*

While we do not agree with the trial court that this case is controlled by *Hampson,* we may affirm the judgment of the trial court where the result is correct, even though the reason given is erroneous, where the correct basis is apparent from the record. *Rhoads v. Lancaster Parking Authority,* 103 Pa. Commonwealth Ct. 303, 520 A.2d 122, *petition for allowances of appeal denied,* 515 Pa. 611, 529 A.2d 1084 (1987). The County brought its motion based solely on the pleadings filed by *all* the

parties in this case.[3] These pleadings raise issues of material fact as to Hobbs' status, facts that must be examined under the *Hammermill Paper* standard. The paucity of facts at this juncture of the case, however, makes the granting of the County's motion inappropriate. *See e.g., Mowry v. McWherter,* 365 Pa. 232, 74 A.2d 154 (1950).[4]

Accordingly, based upon the foregoing discussion, the order of the Court of Common Pleas of Schuylkill County is affirmed, and the case remanded for further proceedings.[5]

### ORDER

The order of the Court of Common Pleas of Schuylkill County in the above-captioned matter is hereby affirmed, and the case remanded for further proceedings.

Jurisdiction is relinquished.

---

[3] It is apparent that the County moved for summary judgment only so it could include Miller's answer and new matter and Hobbs' reply thereto for the consideration of the trial court.

[4] Our decision, however, should not be read as precluding the County from moving for summary judgment after the close of discovery.

[5] At oral argument of this case, questions were raised as to whether Hobbs' office constituted "real property in the possession of the local agency" within the meaning of Section 8542(b)(3) of the Code, 42 Pa. C. S. §8542(b)(3). *See York Redevelopment Authority v. Keener,* 101 Pa. Commonwealth Ct. 464, 516 A.2d 832 (1986), *petition for allowance of appeal denied,* 515 Pa. 591, 527 A.2d 546, 549 (1987). Since this is not the question presently before us, we will not pass on it at this time.