552 A.2d 327

Ronald P. Gilius and Susan L. Gilius, Appellants *v.* Board of Supervisors of Fairview Township and Robert G. Hartman, P.E., Appellees.

Argued November 4, 1988, before Judges BARRY and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Robert L. Knupp, Knupp & Kodak, P.C.,* for appellants.

*Guy H. Brooks, Metzger, Wickersham, Knauss &
Erb,* for appellees.

OPINION BY JUDGE BARRY, December 28, 1988:

Ronald P. Gilius and Susan L. Gilius (landowners)
appeal from an order of the Court of Common Pleas of
York County which granted summary judgment in favor
of the Board of Supervisors of Fairview Township
(Board) and Robert G. Hartman, the sewage enforce-
ment officer for Fairview Township.

Landowners entered into an agreement of sale for
the purchase of a tract of land in Fairview Township. A
condition of the agreement of sale was a favorable perco-
lation test and issuance of an on-site sewage disposal
permit. Mr. Hartman conducted a percolation test on
this lot and thereafter issued an on-site sewage permit
to the landowners. Landowners then closed on the pur-
chase of this lot. Thereafter, landowners entered into an
agreement to sell the lot they had purchased to another
couple. The proposed sale was conditioned upon a re-
testing of the lot for installation of an on-site sewage dis-
posal system and issuance of a new on-site sewage dis-
posal permit. This time, Christopher Hoover, the new
Township sewage enforcement officer, performed a test
on the lot. He, however, advised the landowners that
the lot was unsuitable for an on-site sewage disposal sys-
tem and refused to issue a new permit. A second test
was then conducted by a Mark S. Mills as an indepen-
dent test and as verification of the conclusions reached
by Mr. Hoover. Mr. Mills also informed the landowners
that the lot was unsuitable for an on-site sewage dispos-
al system. As a result of the Township's refusal to issue
another on-site sewage disposal permit, the couple who
had entered into the agreement to purchase the lot re-
fused to consummate the agreement of sale.

Landowners thereafter commenced an action against the Board and Mr. Hartman. By this action they sought to recover the loss on the aborted sale, the closing costs they had incurred in purchasing the lot, interest paid on the loan whose proceeds were used to purchase the lot, property taxes that had been paid, and an architectural fee. In the complaint, the landowners asserted a negligence count and an assumpsit count against the Board and a negligence count and an assumpsit count against Mr. Hartman. In the negligence count against the Board, it was asserted that the Board was negligent in breaching its duties to (a) hire a sewage enforcement officer who was competent, (b) ascertain that the individual hired as Township sewage enforcement officer was properly trained and qualified and (c) ascertain that the Township sewage enforcement officer properly performed the duties of his office. In the negligence count against Mr. Hartman, it was alleged that he breached his duty to competently perform the percolation test. In both assumpsit counts, it was asserted that the defendants, in issuing the on-site sewage permit, had breached "implied warranties that [Mr. Hartman's] work was competently performed and the [percolation] test was performed without negligence."

The Board and Mr. Hartman, in response to the landowners' complaint, filed a joint answer and new matter, in which, *inter alia,* they alleged that the landowners' action was barred by reason of the immunity provided by Subchapter C of Chapter 85 of the Judicial Code (Code), 42 Pa. C. S. §§8541-8564, (referred to hereinafter as Subchapter C). After the plaintiff had taken the deposition of Mr. Hartman, the Board and Mr. Hartman then filed a motion for summary judgment on the ground that the landowners' action was barred by reason of governmental and official immunity. The plaintiffs filed a motion seeking a partial summary judgment

on the issue of liability. Acting upon these motions, the trial court granted the motion for summary judgment filed by the Board and Mr. Hartman on the grounds that the landowners' action was barred by reason of governmental and official immunity and denied the landowners' motion for partial summary judgment. This appeal followed.

Here, the negligence counts of the landowners' complaint are clearly barred by Subchapter C. The Board is a local agency for the purposes of Subchapter C. By these counts, the landowners seek to recover damages from the Board and its agent on the basis that it has sustained an economic loss as a result of negligence on their part. The immunity provided to the Board by Section 8541 of the Code applies to any suit involving injury, whether the injury was physical, mental, reputational or economic, unless the act or omission that gives rise to liability falls under one of the eight exceptions to governmental immunity enumerated in Section 8542(b) of the Code, 42 Pa. C. S. §8542(b). *E-Z Parks, Inc. v. Philadelphia Parking Authority*, 110 Pa. Commonwealth Ct. 629, 532 A.2d 1272 (1987). In alleging that the Board was negligent in failing to hire a competent sewage enforcement officer, in failing to ascertain that the individual hired to be the sewage enforcement officer was properly trained and qualified, and in failing to determine that the sewage enforcement officer properly performed the duties of his office, the landowners have failed to allege a cause of action which falls under any of the eight exceptions to governmental immunity enumerated in Section 8542(b) of the Code. For that reason, we conclude that the trial court's entry of summary judgment in favor of the Board on the negligence count of the complaint was proper.

If the landowners had alleged that the Board was vicariously liable to them because its agent, Mr. Hart-

man, was negligent in failing to competently perform a percolation test, they would have once again failed to allege a cause of action which falls under any of the eight exceptions to governmental immunity enumerated in Section 8542(b) of the Code. Since the landowners' claim against the Board on the basis of such negligence would be barred by reason of governmental immunity, under Section 8545 of the Code, 42 Pa. C. S. §8545, Mr. Hartman could not be sued on the basis of such negligence. For that reason, we conclude that the trial court's entry of summary judgment in favor of Mr. Hartman on the negligence count of the complaint against him was also proper.

Reliance on this Court's decision in *Turner v. Martz,* 42 Pa. Commonwealth Ct. 328, 401 A.2d 585 (1979) and on the decision of the Adams County Court of Common Pleas in *King v. Sullivan,* 68 D. & C. 2d 318 (1974) as support for the proposition that the negligence counts against the Board and Mr. Hartman are not barred by reason of governmental immunity is misplaced. The cause of action in those cases arose at a time when local agencies were not afforded governmental immunity, which had been abolished by the Supreme Court in its decision in *Ayala v. Philadelphia Board of Public Education,* 453 Pa. 584, 305 A.2d 877 (1973).

It is also the conclusion of this Court that the landowners' attempt to recover damages from the appellees on a cause of action for breach of an implied warranty must fail. These counts clearly sound in tort, because in essence they charge that the Board, acting through its agent, Mr. Hartman, was negligent in that the latter failed to perform a percolation test in a competent non-negligent manner. This court has previously rejected attempts to avoid the immunity provisions of Subchapter C by alleging causes of action which sound in tort but are fashioned as assumpsit counts. *See Silkowski v.*

*Hacker,* 95 Pa. Commonwealth Ct. 226, 504 A.2d 995 (1986). To allow recovery of damages from the appellees for breach of implied warranty after refusing recovery for negligence would completely defeat the legislative grant of immunity. *See Gall v. Allegheny County Health Department,* 98 Pa. Commonwealth Ct. 175, 510 A.2d 926 (1986), *petition for allowance of appeal granted,* 516 Pa. 636, 533 A.2d 94 (1987) (Municipality which cannot be held liable for supplying impure water on grounds of negligence cannot be held liable on breach of implied warranties of merchantability and fitness of water).

Finally, landowners argue that the assumpsit counts of their complaint are based upon the theory of "detrimental reliance" or estoppel, as well as the theory of implied warranty, and that Subchapter C does not bar a cause of action based upon that theory. Equitable estoppel can be asserted where one, by his acts, representations or admissions or by his silence when he has the duty to speak out, has intentionally or by culpable negligence induced another to believe that certain facts exist and the other rightfully relies and acts on such belief to his prejudice if the former is permitted to deny the existence of such facts. *Blofsen v. Cutaiar,* 460 Pa. 411, 333 A.2d 841 (1975). The problem with this argument by the appellants is that equitable estoppel has been recognized only as a defense and not as the basis of a cause of action in itself. Prosser, *Law of Torts,* pp. 691-92 (4th ed. 1971). The appellees' alleged conduct in this matter gives rise to both the defense of equitable estoppel and a cause of action that sounds in tort but does not fall under one of the enumerated exceptions to governmental immunity. Because of the latter fact, we must conclude that the appellants' action against the appellees is barred. If, of course, this had been an action that sounded in contract, they certainly would have

been able to assert the defense of equitable estoppel against the appellees if appellees had attempted to claim that the facts were other than those previously represented by them to the appellants. *See e.g. Ervin v. City of Pittsburgh*, 339 Pa. 241, 14 A.2d 297 (1940), *Department of Public Welfare v. UEC, Inc.*, 483 Pa. 503, 397 A.2d 779 (1979).

For these reasons, the order of the trial court is affirmed.

## ORDER

Now, December 28, 1988, the order of the Court of Common Pleas of York County, dated February 26, 1988, at Docket No. 82-SU-00620-01, is hereby affirmed.

---

CONCURRING AND DISSENTING OPINION BY JUDGE COLINS:

I agree with the majority that an action in negligence is barred by reason of the immunity provided in Subchapter C of Chapter 85 of the Judicial Code, 42 Pa. C. S. §§8541-8564. However, I must dissent from the majority's position that an action based upon a theory of estoppel may not be maintained.

The Township, via its officer, unequivocally stated that the lot was suitable for the installation of an on-site sewage disposal system. This was done knowing that the appellants would rely on this assertion and, in fact, did so rely by subsequently purchasing the lot. Whether an estoppel *in pais* is a matter of law or equity is moot in the instant matter, as the official recorded action of the original sewage enforcement officer qualifies as an estoppel by record which constitutes legal rather than equitable estoppel. Such an action at law, in assumpsit, is not barred by Subchapter C and, as such, the granting of summary judgment was inappropriate.