561 A.2d 1290

**John BENDAS and Barbara Bendas, Husband and Wife, Appellants,**

**v.**

**UPPER SAUCON TOWNSHIP, Appellee.**

Commonwealth Court of Pennsylvania.

Argued June 5, 1989.

Decided July 11, 1989.

John J. Waldron, Allentown, for appellants.

Lawrence A.J. Spegar, with him, Richard Polachek, Fine & Wyatt, P.C., Scranton, for appellee.

Before DOYLE and SMITH, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

John and Barbara Bendas (Appellants) appeal the order of the Lehigh County Court of Common Pleas which sustained Upper Saucon Township's (Township) preliminary objection in the nature of a demurrer. We affirm.

Tests were conducted on Appellants' property by the Township's sewage enforcement officer to determine its suitability for an on-lot sewage disposal system. The Township thereafter issued a permit to Appellants prescribing the type of system to be installed. Subsequent to installation of the prescribed system, Appellants discovered that, due to the unsuitability of the type of system installed, sewage proceeding through the system was not adequately

absorbed and percolated upward to the surface of their property, rendering a substantial portion thereof unusable.

As a result, Appellants instituted suit in the trial court against the Township on the grounds of negligence and breach of implied warranties, seeking damages in excess of $20,000 for the loss of use and enjoyment of their property as well as costs associated with installation and correction of the system. In Count I of the complaint, Appellants aver that the Township, acting through its sewage enforcement officer, was negligent in testing their property and in issuing a permit for a specific sewage disposal system which was unsuitable for their property. Appellants further aver that, in issuing the permit, the Township acted illegally and in violation of the Pennsylvania Sewage Facilities Act (Act).[1] Count II contains Appellants' averments that the Township, in issuing the permit, breached implied warranties that the permit was issued in a non-negligent fashion and that the type of on-lot sewage disposal system prescribed therein was suitable for Appellants' property.

In response, the Township filed a preliminary objection in the nature of a demurrer, asserting that Appellants' causes of action were barred by virtue of the governmental immunity provisions set forth in Sections 8541–8564 of the Judicial Code (Code), 42 Pa.C.S. §§ 8541–8564.[2] The trial court

1. Act of January 24, 1966, P.L. (1965) 1535, *as amended*, 35 P.S. §§ 750.1–755.14. This averment is also incorporated by reference in Count II.

2. Section 8541 of the Code directs that:

Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

Section 8542 of the Code provides for imposition of liability upon local agencies and states that:

(a) Liability imposed.—A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating

sustained the Township's preliminary objection and Appellants appealed to this Court for review [3], raising the issue of whether the trial court properly sustained the Township's demurrer.

Demurrers admit as true all well-pleaded facts. Conclusions of law, unwarranted factual inferences, argumentative allegations, and opinions are excluded from consideration. Only where it is clear from the face of the pleadings that the law will not permit the relief sought should a demurrer be sustained. Any doubts are to be resolved in favor of overruling the demurrer. *Firing v. Kephart,* 466 Pa. 560, 353 A.2d 833 (1976); *Paratransit Association of Delaware Valley, Inc. v. Yerusalim,* 114 Pa. Commonwealth Ct. 279, 538 A.2d 651 (1988).

Appellants initially argue that they can proceed against the Township upon negligence and breach of warranty theories under this Court's decisions in *Schoenenberger v.*

to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, *"negligent acts" shall not include acts or conduct which constitutes a crime,* actual fraud, actual malice or willful misconduct. (Emphasis added.)

Subsection (b) sets forth eight acts for which a local agency may be held liable.

We further note that the Township is a local agency for the purposes of these provisions. *See* Section 8501 of the Code, 42 Pa.C.S. § 8501, which defines a local agency as "a government unit other than the Commonwealth government". *See also Frank v. Southeastern Pennsylvania Transportation Authority,* 96 Pa.Commonwealth Ct. 221, 223 n. 1, 506 A.2d 1015, 1016 n. 1 (1986).

3. In reviewing a trial court's decision sustaining a preliminary objection in the nature of a demurrer, this Court will accept as true all well-pleaded material facts set forth in the complaint as well as all inferences reasonably deducible therefrom. *Del Turco v. Peoples Home Savings Association,* 329 Pa.Superior Ct. 258, 478 A.2d 456 (1984); *Easton Area Joint Sewer Authority v. Bushkill–Lower Lehigh Joint Sewer Authority,* 71 Pa.Commonwealth Ct. 553, 455 A.2d 286 (1983). Moreover, our inquiry here is focused exclusively upon whether or not the facts as pleaded by Appellants state an actionable claim against the Township. *Orner v. Mallick,* 515 Pa. 132, 527 A.2d 521 (1987).

*Hayman*, 77 Pa. Commonwealth Ct. 411, 465 A.2d 1335 (1983) and *Turner v. Martz*, 42 Pa. Commonwealth Ct. 328, 401 A.2d 585 (1979).[4] Reliance thereon, however, is misplaced. These cases were decided subsequent to the Pennsylvania Supreme Court's decision in *Ayala v. Philadelphia Board of Public Education*, 453 Pa. 584, 305 A.2d 877 (1973), which abrogated governmental immunity, and prior to the legislature's resurrection thereof in the Political Subdivision Tort Claims Act[5], later repealed and substantially reenacted by the General Assembly as Subchapter C of Chapter 85 of the Code, 42 Pa.C.S. §§ 8541–8564, which governs the matter *sub judice*.

■■ Here, as in *Gilius v. Board of Supervisors of Fairview Township*, 122 Pa. Commonwealth Ct. 371, 552 A.2d 327 (1988), none of Appellants' allegations of negligence fit within any of the exceptions to governmental immunity encompassed under subsection 8542(b) of the Code. Likewise, Appellants' assumpsit count sounds in tort as Appellant essentially avers that the Township negligently issued the permit in question. Previous attempts to disguise tort causes of action not falling within the exceptions to governmental immunity as assumpsit counts to avoid the immunity provisions have been rejected by this Court. *Id.; Silkowski v. Hacker*, 95 Pa.Commonwealth Ct. 226, 504 A.2d 995 (1986). Nor may an implied warranty of merchantability attach to the Township's testing and permit issuance pursuant to Section 2314 of the Pennsylvania Commercial Code (Commercial Code), 13 Pa.C.S. § 2314, as these acts constitute "services" rather than "goods". *Schreck v. North Codorus Township*, 126 Pa.Common-

4. *Schoenenberger* and *Turner* essentially held that a local agency could be held liable for the negligent acts of its employees which are committed in the course of their employment and that negligent issuance of a sewage permit could support a cause of action against a local agency.

5. Act of November 26, 1978, P.L. 1399, *as amended, formerly* 53 P.S. §§ 5311.101–5311.803, repealed by Section 333 of the Act of October 5, 1980, P.L. 693.

wealth Ct. 407, 559 A.2d 1018 (No. 2395 C.D. 1988, filed June 9, 1989).[6]

■ Appellants alternatively argue, however, that governmental immunity cannot shield a local agency's alleged criminal acts. In support, Appellants assert that the Township's acts were criminal since the issuance of the permit violated Section 7 of the Act, 35 P.S. § 750.7, which violation constitutes a summary offense under Section 13 of the Act, 35 P.S. § 750.13; and that subsection 8542(a) of the Code carves an exception to governmental immunity for criminal conduct.

That subsection 8542(a) excludes criminal conduct from the definition of "negligent acts" does not render such conduct an exception to the general immunity extended to local agencies by Section 8541. Subsection 8542(a) merely stipulates that both conditions set forth in subsections 8542(a)(1) and (a)(2) must be satisfied before liability may be imposed upon a local agency for any of the eight acts described in subsection 8542(b). In excluding criminal conduct from its purview, subsection 8542(a)(2) renders such conduct incapable of satisfying the condition contained therein and thus precludes application of the exceptions to governmental immunity encompassed under subsection 8542(b). *See Natt v. Labar,* 117 Pa.Commonwealth Ct. 207, 543 A.2d 223 (1988); *Sieg v. Gestewitz,* 44 Pa.D. & C.3d 289 (1987). Had the legislature intended to carve a "criminal conduct" exception to Section 8541's general extension of immunity to local agencies, such an exception would most assuredly have been among those enumerated in subsection 8542(b). Moreover, Section 8550 of the Code, 42 Pa.C.S. § 8550, specifically addresses acts by employees of local agencies which have been judicially determined to constitute

6. *Contrast Gall v. Allegheny County Health Department,* 521 Pa. 68, 555 A.2d 786 (1989) where the Pennsylvania Supreme Court concluded that water constituted "goods" under the Commercial Code and that a cause of action arising under Section 2314 of the Commercial Code for breach of implied warranty could be maintained against a municipality and local water authority for supplying contaminated water.

crimes and directs that certain governmental immunity provisions of the Code shall not apply. The provisions of Sections 8541 and 8542 are not among those enumerated.[7]

Because the facts as pleaded by Appellants, together with all inferences reasonably deducible therefrom, fail to state an actionable claim against the Township, the trial court's decision to sustain the Township's demurrer must be affirmed.

## ORDER

AND NOW, this 11th day of July, 1989, the order of the Court of Common Pleas of Lehigh County is affirmed.

---

7. Due to the above disposition, it is unnecessary to address the issues of whether the Township violated Section 7 of the Act, and if so, whether such violation constitutes a crime. For a comprehensive discussion of these issues, *see Sieg,* 44 Pa.D. & C.3d at 294–95 (dicta). We also note the absence of a judicial determination here that the sewage enforcement officer's conduct constituted a crime.