595 A.2d 693

**Steven F. SMITH and Roberta L. Smith, his wife, Appellants,**

v.

**PORTER TOWNSHIP, CLINTON COUNTY, Pennsylvania, and Sweetland Engineering and Associates, Inc., Appellees.**

Commonwealth Court of Pennsylvania.

Argued April 4, 1991.

Decided July 12, 1991.

R. Bruce Manchester, Bellefonte, for appellants.

Lewis G. Steinberg, Lock Haven, for appellees.

Before COLINS and KELLEY, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

This appeal comes from an order of the Court of Common Pleas of Clinton County, dismissing a negligence action brought by Appellants, Steven and Roberta Smith, and granting summary judgment to Appellees, Porter Township

(Township) and Sweetland Engineering and Associates, Inc. (Sweetland). After examining the record in this matter, we conclude that the trial court correctly granted summary judgment to the Township, and will affirm that portion of its order. However, we conclude that the trial court acted prematurely in also granting summary judgment to Sweetland. For the reasons indicated in the following discussion, we will vacate that portion of the trial court's order, and remand this matter for further proceedings.

Our scope of review of an order granting summary judgment is limited to a determination of whether there has been an error of law or a manifest abuse of discretion. *Herman v. Greene County Fair Board*, 112 Pa. Commonwealth Ct. 615, 535 A.2d 1251 (1988). A brief examination of the facts is necessary to give context to our discussion.

Appellants are purchasers of an undeveloped lot located within the Township, upon which they planned to build a home. At the time Appellants purchased the lot, in 1985, Sweetland was under contract with the Township. Sweetland specifically assigned one of its employees, Ann Kyper, to perform duties for the Township that would otherwise be performed by a township sewage enforcement officer. Appellants aver that, on June 27, 1985, a permit was issued to them by "Sweetland ... permitting a standard on-lot sewage disposal system" to be installed or constructed on the property. *See* Complaint, paragraph 5.

By the time Appellants were ready to proceed with construction of their house, the sewage permit issued by Sweetland had expired. Upon application of Appellants, Ms. Kyper of Sweetland reissued the sewage permit on August 1, 1988. However, the record indicates that on April 5, 1988, the Township had been informed by the Department of Environmental Resources (DER) that the Official Sewage Facilities Plan for the Lamar area of the Township, which area included Appellants' lot, was inadequate, and permit issuance limitations had been put into

effect as a result.[1] DER informed the Township by letter that it should not have reissued a sewage permit to Appellants in August 1988, and requested that the Township revoke that permit.

In an effort to overcome the DER permit issuance limitations, Appellants arranged for a soil test to be conducted on their lot, by DER soil scientists, for an alternative sewage disposal system. Appellants aver that the DER officials conducted soil tests at various locations on the lot, and that the tests revealed "that the lot was not suitable for any on-lot system and ... that the original report by Sweetland Engineering was clearly in error." *See* Complaint, paragraph 18. Appellants then commenced this action in November of 1989, alleging negligence on the part of both the Township and Sweetland in issuing the 1985 sewage permit for a sewage system that could not be installed on the lot, and in reissuing of said permit in 1988. Appellants contend that they would not have purchased the property without certification by the Township and Sweetland that a sewage treatment system could be installed. Both Appellees raised the defense of governmental immunity, and moved for summary judgment. The trial court granted summary judgment to both Appellees, and this appeal followed.

■ With respect to Porter Township, Appellants acknowledge that their negligence action does not fall within any of the recognized exceptions to governmental immunity set forth at Section 8542 of the Judicial Code, 42 Pa.C.S. § 8542. However, Appellants oppose dismissal of the Township as a defendant in this suit. Appellants argue that their original complaint sets forth a theory of recovery against the Township based on contract principles, as third-party beneficiaries of the contract between the Township and Sweetland. Appellants also contend that their original complaint alleges a theory of recovery based on detrimental reliance. We note that these questions have not specifically been raised as issues by Appellants. *See* Appellants' Brief,

---

1. *See* Section 7(b)(4) of the Pennsylvania Sewage Facilities Act, Act of January 24, 1966, P.L. (1965) 1535, *as amended,* 35 P.S. § 750.7(b)(4).

p. 6. Therefore, these issues have been waived. *See* Pennsylvania Rule of Appellate Procedure 2116.

Moreover, an examination of Appellants' original complaint reveals no discussion of theories of recovery based on contract principles or detrimental reliance. To the contrary, on August 24, 1990, Appellants filed a petition for leave to amend their complaint so as to include these allegations. The trial court's docket entries indicate that on September 27, 1990, before the trial court issued a ruling on this request, Appellants praeciped to withdraw the petition to amend their complaint. Thus, the grant of summary judgment was based on Appellants' original, unamended complaint. Appellants may not raise issues on appeal which were not presented to the trial court. *See* Pennsylvania Rule of Appellate Procedure 2119(e). In any event, we find that Appellants have not demonstrated any error in the decision of the trial court to grant summary judgment to the Township.

Appellants also oppose the grant of summary judgment to Sweetland. Appellants assert that their complaint contains allegations of Sweetland's liability based on detrimental reliance and contract theories. Again, we find that these issues were not presented or preserved at the trial court level, nor properly presented to this Court, and have, therefore, been waived.

■ Finally, with respect to the allegations of negligence on the part of Sweetland, Appellants contend that Sweetland cannot raise the defense of governmental immunity because it was not an employee of the Township, but rather, an independent contractor retained to perform the duties of a sewage enforcement officer. In the alternative, Appellants contend that this question, of whether Sweetland was an employee or an independent contractor, is an unresolved material question of fact which precludes a grant of summary judgment to Sweetland.

The statutory provisions concerning governmental immunity are contained in Chapter 85 of the Judicial Code. Section 8501 of the Judicial Code reads in pertinent part:

§ 8501. Definitions

The following words and phrases when used in this chapter shall have, unless the context clearly indicates otherwise, the meanings given to them in this section:

\*    \*    \*    \*    \*    \*

"Employee." Any person who is acting or who has acted on behalf of a government unit whether on a permanent or temporary basis, whether compensated or not and whether within or without the territorial boundaries of the government unit, including any volunteer fireman and any elected or appointed officer, member of a governing body or other person designated to act for the government unit. Independent contractors under contract to the government unit and their employees and agents and persons performing tasks over which the government unit has no legal right of control are not employees of the government unit.

42 Pa.C.S. § 8501. Under the terms of this provision, we have held that a local government agency has no liability for the negligent acts of an independent contractor, but may be held liable for the negligent acts of an employee. *County of Schuylkill v. Maurer*, 113 Pa.Commonwealth Ct. 54, 536 A.2d 479 (1988). Conversely, the immunity protections of Chapter 85 extend to employees of a local government agency, but are not extended to independent contractors. *See* Section 8541 of the Judicial Code, 42 Pa.C.S. § 8541.

In *County of Schuylkill*, this Court discussed the matter of determining whether a person is an independent contractor or an employee for purposes of governmental immunity. Citing the standard used by the Pennsylvania Supreme Court in *Zimmerman v. Public School Employees' Retirement Board*, 513 Pa. 560, 522 A.2d 43 (1987), which in turn cites to the analysis used in *Hammermill Paper Co. v. Rust Engineering Co.*, 430 Pa. 365, 243 A.2d 389 (1968), we

set forth the factors which must be considered in making such a determination.

> control of manner [in which] work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; skill required for performance; whether one is engaged in a distinct occupation or business; which party supplied the tools; whether payment is by the time or by the job; whether work is part of the regular business of the employer, and also the right to terminate the employment at any time.

*County of Schuylkill,* 113 Pa.Commonwealth Ct. at 61, 536 A.2d at 482–83 (citations omitted). We went on to state that none of these factors, standing alone, is dispositive in making the determination of whether a person is an employee or an independent contractor for immunity purposes; rather, each case must be determined according to its own facts. *Id.*

There is no indication in the record of the present case that the trial court employed the analysis just discussed in making its determination that Sweetland was a Township employee entitled to the protections of governmental immunity. The trial court's order makes no reference to *County of Schuylkill,* nor does it set forth the factors which the trial court viewed as compelling in reaching its conclusion that Sweetland was an employee of the Township. The only authority referenced by the trial court in its decision to grant Sweetland's summary judgment motion is *Gilius v. Board of Supervisors of Fairview Township,* 122 Pa.Commonwealth Ct. 371, 552 A.2d 327 (1988); *petition for allowance of appeal denied,* 523 Pa. 633, 564 A.2d 1262 (1989). In *Gilius,* we affirmed a grant of summary judgment to a municipality and its sewage enforcement officer in a situation where the negligence counts raised in plaintiffs' complaint were of a similar nature to those raised by Appellants here. However, unlike the present case, there was no question raised in *Gilius* that the status of the individual who served as the municipality's sewage enforcement offi-

cer was anything other than that of an employee of the municipality. Therefore, the trial court's reliance on *Gilius* does not resolve the threshold question of whether the status of Sweetland is that of an employee or of an independent contractor.

A motion for summary judgment may be granted only where the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Herman.* Because the trial court did not conduct the appropriate analysis, as set forth in *County of Schuylkill*, in reaching its conclusion that Sweetland was an employee of the Township, we conclude that a genuine issue of material fact remains here as to Sweetland's status. Therefore, we conclude that the trial court acted prematurely in granting summary judgment to Sweetland.

■ Accordingly, we will vacate that portion of the order granting summary judgment to Sweetland, and remand this matter to the trial court. In considering Sweetland's summary judgment motion on remand, the trial court is hereby directed to employ the analysis set forth in *County of Schuylkill* in making its determination as to whether Sweetland's status is that of an employee or an independent contractor. This, of course, will require the trial court to take additional evidence, inasmuch as a determination of Sweetland's status cannot be made on the existing record.

Should the trial court determine on remand that Sweetland's status at the time in question was that of an employee of the Township, we find as a matter of law, based on authority of *Gilius*, that Sweetland would then be able to avail itself of the immunity protections of Section 8541 of the Judicial Code in connection with the allegations of negligence pled by Appellants.[2] In that event, it is hereby

---

2. In *Gilius*, the landowners sought to recover economic damages suffered as a result of Fairview Township's alleged negligence in failing to hire a competent sewage enforcement officer, failing to ascertain that the individual serving in that capacity was properly trained and qualified, and failing to determine that the sewage en-

directed that summary judgment should again be entered in favor of Sweetland by the trial court.

If, however, the trial court determines on remand that Sweetland's status was that of an independent contractor, we find that the protections of governmental immunity would not extend to Sweetland. If Sweetland is found to be an independent contractor, then the remainder of this suit, and any further proceedings necessary at that point, would concern parties and subject matter not within the jurisdiction of this Court. *See* Section 762 of the Judicial Code, 42 Pa.C.S. § 762.

The grant of summary judgment to Porter Township is hereby affirmed, and the remainder of the trial court's order is hereby vacated and this matter is remanded to the trial court for further proceedings consistent with the foregoing opinion.

## ORDER

AND NOW, July 12, 1991, the order of the Court of Common Pleas of Clinton County in the above-captioned matter is hereby affirmed only in so far as its grant of summary judgment to Porter Township.

The remainder of the order is hereby vacated, and this case is remanded to the Court of Common Pleas of Clinton County for further proceedings consistent with the foregoing opinion.

Jurisdiction is relinquished.

forcement officer was properly performing the duties of his office. We concluded that these allegations did not make out a cause of action falling under any of the eight exceptions to governmental immunity enumerated at Section 8542(b) of the Judicial Code. We further reasoned that since the township was immune from suit, its sewage enforcement officer, likewise, could not be sued on the basis of such negligence. *See also Bendas v. Upper Saucon Township,* 127 Pa.Commonwealth Ct. 378, 561 A.2d 1290 (1989).