## Vause v. Middletown Township

*Mel Kardos,* for plaintiffs.

*George Knoell III,* for defendant Middletown Township.

*Philip Silverman,* for defendant Neshaminy School District.

SCOTT, *J.,* October 25, 1996—Plaintiffs, Jeffrey Vause and his mother, Caroline Clark, have appealed our order of August 30, 1996, dismissing their second amended complaint with prejudice. We offer this opinion in support of that order.

Procedurally, this case can be described as one of repeated meager attempts by plaintiffs to plead a viable

cause of action before the court had an opportunity to rule on the merits of defendants' preliminary objections. Plaintiffs filed a complaint in this matter on April 26, 1996. Defendants filed preliminary objections raising the issue of governmental immunity, and then plaintiffs filed an amended complaint on May 24, 1996, thereby rendering the preliminary objections moot. Defendants then filed similar preliminary objections to the amended complaint, and plaintiffs responded by filing a second amended complaint on June 7, 1996. Once again, defendants filed preliminary objections, and after oral argument on August 29, 1996, this court granted the preliminary objections and dismissed this action with prejudice. Plaintiffs have timely filed a notice of appeal.

This cause of action arises from an incident which occurred on June 29, 1995, in which Jeffrey was injured on a playground located at Albert Schweitzer Elementary School. Jeffrey was enrolled at defendant Middletown Township's day camp and was taken by the employees of the day camp to the playground on the date of the accident. The second amended complaint avers that the playground Jeffrey was to have originally used was under construction and in a defective condition, forcing him to be at another location and out of the view of responsible adults. (Paragraph 23 (i).) The second amended complaint also avers separate counts for breach of contract and failure to properly supervise.

In their concise statement of matters complained of, plaintiffs aver the following:

"(1) The court erred when it granted defendants' preliminary objections when the law says with certainty that recovery is possible based on the well-pled facts of a defective condition existing on defendants' property

which caused and/or contributed to the injuries and damages of plaintiff, which defective condition is an exception to the governmental immunity defense.

"(2) The court erred when it granted defendants' preliminary objections despite the well-pled facts in plaintiffs' second amended complaint of a defective condition existing on the defendants' property which defective condition caused the damages and injuries alleged by plaintiffs.

"(3) The court erred when it failed to determine the plaintiff Caroline Clark's well-pled breach of contract action is valid.

"(4) The court erred when it granted defendants' preliminary objections prior to the completion of discovery to determine whether or not a defective condition existed on the defendants' property which condition caused and/or contributed to the injuries and damages alleged by plaintiffs.

"(5) The court erred when it dismissed plaintiffs' second amended complaint finally without considering the possibility that the second amended complaint was defective, it could be cured by amendment with more specific averments of defective conditions.

"(6) The court erred when it dismissed plaintiffs' second amended complaint finally when material issues of fact exist for the finder of fact, whether a defective condition existed which caused and/or contributed to the injuries and damages of plaintiffs."

We will address points 1 and 2 together, and 4, 5, and 6 together.

Initially, we note that for purposes of testing the legal sufficiency of a complaint in ruling upon preliminary objections, the court must accept as true all well-pled allegations of material fact as well as all rea-

sonable inferences deducible therefrom. *Rodgers v. Pennsylvania Department of Corrections,* 659 A.2d 63 (Pa. Commw. 1995). Preliminary objections, the end result of which would be dismissal of a cause of action, should be sustained only in cases that are clear and free from doubt. *Meinhart v. Heaster,* 424 Pa. Super. 433, 622 A.2d 1380 (1993).

(1) and (2) The defective condition.

We find as a matter of law that plaintiffs' second amended complaint fails to establish a defective condition sufficient to overcome governmental immunity.

In order to establish a cause of action against a municipality, the case must meet two requirements. First, damages must be recoverable under common law or a statute creating a cause of action. 42 Pa.C.S. §8542(a)(1). Second, the injury must fall within one of the eight enumerated exceptions to governmental immunity set forth in 42 Pa.C.S. §8542(b). All exceptions to governmental immunity are to be narrowly construed against the plaintiff given the express legislative intent to insulate political subdivisions from tort liability. *Sims v. Silver Springs-Martin Luther School,* 155 Pa. Commw. 619, 625 A.2d 1297 (1993).

Plaintiffs contend that a defective condition existed on defendants' property which directly contributed to Jeffrey's injuries, and that this case falls under the "real property" exception to governmental immunity set forth at 42 Pa.C.S. §8542(b)(3). That section provides that liability may be imposed on a local agency where the care, custody or control of real property is in the possession of the local agency. We find that the instant case does not fall within the real property exception.

Our courts have long held that for the real estate exception to apply, the dangerous condition must arise from a defect "of" the land itself, as opposed to a

condition or defect which merely facilitates injury to the plaintiff. *McClosky v. Abington School District,* 115 Pa. Commw. 289, 539 A.2d 946 (1988); *Cotter v. School District of Philadelphia,* 128 Pa. Commw. 159, 562 A.2d 1029 (1989). An actual defect of the real property itself must have caused the injury in order to fall within the real property exception to governmental immunity. *DeLuca v. School District of Philadelphia,* 654 A.2d 29 (Pa. Commw. 1994). It is not enough for plaintiffs merely to show that the municipality negligently permitted a condition to exist which facilitated the injury. See *Harding v. Galyias,* 117 Pa. Commw. 371, 544 A.2d 1060 (1988). Instantly, plaintiffs' second amended complaint fails to allege that this accident occurred as a result of a defect of the property.

The only allegation of a defect of the property appears at paragraph 23(i) of the second amended complaint, where it is stated that,

"The playground the plaintiff minor was to have originally used was under construction and in a defective condition forcing plaintiff minor to be at another location and out of view of responsible adults."

This allegation fails to state a defect of the property which caused plaintiff's injuries. This paragraph does not state with particularity the manner in which plaintiff was injured, nor does it specify whether plaintiff was injured because of a defect of the property or rather because he was beyond the range of adult supervision at the time of the injury.[1] The remainder of the second amended complaint sheds no light on either of these

---

1. In their brief in support of motion for reconsideration, plaintiffs concede that the count for negligent supervision is insufficient as a matter of law to establish liability on the part of the political subdivision.

questions. We find that after three attempts, plaintiffs simply are unable to mold their complaint to conform to the strict requirements of the Tort Claims Act. The preliminary objections were properly granted.

(3) The breach of contract claim.

The breach of contract claim is an obvious attempt to overcome the governmental immunity barrier. However, a review of the claim reveals that it is simply for personal injuries, and not for money damages relating to a breach of contract. Section 8542(a) makes it clear that a local agency will be liable for damages on account of an injury to a person or property only if the case falls within one of the eight exceptions. This court concluded as a matter of law that neither Middletown Township nor Neshaminy School District could be held liable under any of the eight exceptions. Regardless of the label plaintiffs use, they are seeking recovery for damages relating to a personal injury. Their action, whether sounding in contract or tort, must comport with the strict requirements of the Tort Claims Act. Plaintiffs cannot disguise their tort action as a breach of contract action in order to circumvent governmental immunity. See *Silkowski v. Hacker,* 95 Pa. Commw. 226, 504 A.2d 995 (1986). They are not entitled to relief on this ground.

We will address issues 4, 5, and 6 together. Premature dismissal of complaint.

Plaintiffs amended their complaint three times. Even after subjecting their own complaint to such rigorous scrutiny, they have been unsuccessful in setting forth a legally sufficient cause of action. Now they seek another attempt to re-draft their complaint. After entertaining oral argument in this case, the court found that granting the preliminary objections was appropriate. Even accepting as true all well-pled allegations in the

second amended complaint as well as all reasonable inferences deducible therefrom, there simply was no evidence that this case fits within one of the eight enumerated exceptions of the Tort Claims Act. Further, plaintiffs failed to provide any allegations from which the court could have reasonably believed that any amount of discovery would have changed this situation. Accordingly, dismissal of the second amended complaint is proper.

Therefore, for the reasons stated above, defendants' preliminary objections are granted, and the second amended complaint is dismissed with prejudice.